## JACKSON v. JACKSON.

(Court of Civil Appeals of Texas. Waco.
Jan. 17, 1924.)

1. Divorce ⊜130—Evidence held to sustain decree of divorce.

Evidence sustaining wife's allegations of nonsupport, that husband had constantly nagged at her, and made threats to leave her and marry a certain woman who had been driven from the county by outside parties, was sufficient to sustain decree of divorce.

2. Husband and wife ⊜248—Community depends on relation at incipiency of right thereto.

Character of title to property with reference to being separate or community depends on existence of marriage at time of incipiency of the right by which title finally vests, and when so vested it relates back to that time.

3. Husband and wife ⊜248½—Property purchased by husband before marriage not community.

Where before marriage husband contracted for a lot, paid part consideration in cash out of separate means, gave note for one-half and went into actual possession and occupancy, it was error to hold that it was community property.

4. Tenancy in common ⊜3—Tenants own property in proportion to amount contributed for purchase.

When two or more persons join in the purchase of land, in absence of stipulation to the contrary, they will be held to own it in proportion in which they respectively furnish consideration.

5. Trusts ⊜79—Joint purchaser taking title in own name holds in trust for other.

Where two or more persons join in purchase of land, if title is taken in name of one only, he holds in trust for the other in proportion to the part of the consideration contributed by the other.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by Delia Jackson against J. S. Jackson. Judgment for plaintiff, and defendant appeals. Affirmed in part; reversed and remanded in part.

J. E. Yeager, of Waco, for appellant.
Tom M. Hamilton, of Waco, for appellee.

BARCUS, J. Delia Jackson filed suit in the district court of McLennan county against her husband, Jim Jackson, for a divorce; and alleged that a certain lot of land situated in Waco which had been purchased since their marriage had been paid for with her separate estate and that same belonged to her; and that their household furniture was her separate property. She also alleged that the property was deeded to her husband on July 14, 1919 (which was some three months before they were married), and that if the property was not her separate property, it was community estate. She prayed for a divorce and that the court give her all of said property, and for general and special relief.

The appellant filed answer, consisting of a general demurrer, general denial, and a special plea that all the property belonged to him individually, claiming that he purchased and paid for same before marriage. Neither of the parties by their pleadings asked the court to fix any charge against the land for any individual or community advancements.

The cause was tried before the court and resulted in a judgment granting appellee a divorce and decreeing that the house and lot was community property of appellee and appellant except $50, which the court found was the separate property of appellant. The court found the property was not capable of division and appointed a receiver to sell the property and report the sale back to the court.

[1] Appellant contends that the trial court erred in overruling his general demurrer to appellee's petition for a divorce and also that the evidence does not justify the court granting the divorce. The appellee's petition alleged the formal matters necessary to show jurisdiction, and as grounds for the divorce alleged that the appellant refused to support her, and had been constantly nagging at her and making threats to leave her and marry a certain woman, which said woman had been driven from the county by outside parties, and that appellant had called her all kinds of vile names, setting them out in her petition but not necessary to repeat here. The evidence sustained the allegations, and we think the pleading and testimony were sufficient to authorize the court in granting the divorce.

Appellant contends that the court erred in holding that the real estate was community property, because the evidence does not support said holding. Appellant and appellee became engaged to be married June 19, 1919, and desired to secure a home in which to live after they married. They selected the lot in controversy and agreed to purchase same. Appellee gave appellant $25 with which to make the first payment. Appellant then purchased the lot from Tennessee Thompson on July 14, 1919, paying $100 in cash and executing his note for $100, the deed reciting a cash consideration of $200, and same was held by Tennessee Thompson until the last $100 was paid. After the lot was purchased the appellant moved onto the property a three-room house which belonged to him and the shed room was used for a chicken house and two other rooms were added, making a four-room house on the property at the time appellant and appellee

were married. Appellee claimed that after her marriage to appellant she paid the last $100 on the lot and that she paid for the improvements that were placed on the property; appellant contending that he paid for the same out of his funds. Appellant and appellee were married some time in November, 1919, and the last $100 on the place was paid some time in the early summer of 1920, when the deed was delivered by Thompson to appellant.

[2] The character of the title to property with reference to being separate or community depends upon the existence or nonexistence of the marriage at the time of the incipiency of the right by virtue of which title is finally vested, and when title is so vested it relates back to that time. Creamer v. Briscoe, 101 Tex. 490, 109 S. W. 911, 17 L. R. A. (N. S.) 154, 130 Am. St. Rep. 869; Welder v. Lambert, 91 Tex. 510, 44 S. W. 281.

[3] Appellant not only contracted for the property, but he paid part of the consideration in cash out of his separate means and gave his individual note for one-half, and went into actual possession and made valuable improvements, and actually occupied the property before his marriage. Under these facts we think the court erred in holding the property was community except as to the sum of $50, and that such error requires a reversal of the judgment.

[4, 5] When two or more persons join in the purchase of real property, in the absence of special stipulations to the contrary, they will be held to own the property so purchased in the proportion in which they respectively furnish the consideration. If the title in such cases is taken in the name of only one of the parties, he will be held to hold the same in trust for the other in proportion to the part of the consideration contributed by such other party. Hayworth v. Williams, 102 Tex. 308, 116 S. W. 43, 132 Am. St. Rep. 879; Watson v. Harris, 61 Tex. Civ. App. 263, 130 S. W. 237; Parker v. Coop, 60 Tex. 111; Kinlow v. Kinlow, 72 Tex. 639, 10 S. W. 729.

If the pleadings of the parties are amended to authorize it, the community estate of the parties hereto is entitled in the partition of the property to be compensated for all community funds employed in discharging the purchase-money notes, and the improvements, if any, placed on the property with the community funds, and such payments and expenditures should be made a charge on the proceeds of the sale of the property. Welder v. Lambert, supra; Allen v. Allen, 101 Tex. 362, 107 S. W. 528.

The judgment of the trial court so far as it dissolves the bonds of matrimony between appellant and appellee is affirmed; and in so far as it attempts to divide the property is reversed and remanded. The opinion heretofore written in this cause is withdrawn, and this opinion is substituted for same.