## PELLUM v. FLEMING et al. (No. 320.)

(Court of Civil Appeals of Texas. Waco.
March 4, 1926. Rehearing Denied
April 22, 1926.

1. **Judgment** ⬤⟶153(4)—**That nonresident defendant was cited by publication did not compel her to wait until court adjourned for the term before moving to set aside default judgment (Rev. St. 1911, arts. 1941, 2026, 2175).**

That nonresident defendant was cited by publication did not compel her to wait until court adjourned for the term before moving to set aside default judgment against her, under Rev. St. 1911, art. 2026, in view of articles 1941 and 2175.

2. **Judgment** ⬤⟶126(1)—**Plaintiffs held not entitled to default judgment unless proving their case as laid in petition (Rev. St. 1911, art. 2026).**

Plaintiffs, to be entitled to judgment, were required, under Rev. St. 1911, art. 2026, to prove their case as laid in their petition, notwithstanding that defendant did not appear and answer at trial of the cause.

3. **Judgment** ⬤⟶162(3)—**Statement of facts, proved on trial and filed as part of record, were admissible to show whether default judgment rendered was supported by evidence.**

Statement of facts, proved on trial as reduced to writing, approved and filed as a part of record, were admissible in evidence at instance of either party on hearing of motion for new trial for purpose of showing whether default judgment rendered was supported by evidence.

4. **Husband and wife** ⬤⟶252.

Property which was patented to decedent during life of his first wife *held* not to become community property with that of his second wife.

5. **Appeal and error** ⬤⟶754(1)—**Reviewing tribunal was required to pass on sufficiency of evidence to support judgment appealed from, notwithstanding that appellant requested court to file findings of fact and filed no assignment of error thereto, where her motion for new trial challenging correctness of findings was overruled.**

Reviewing tribunal was required to pass on sufficiency of evidence to support default judgment appealed from, notwithstanding that appellant requested court to file findings of fact, and which were not attacked by her by assignments of error, where her motion for new trial challenging correctness of court's findings and sufficiency of facts to support judgment was overruled.

6. **New trial** ⬤⟶68, 70—**New trial should be granted where judgment is without support or is contrary to the evidence.**

Where judgment is without support in the evidence or is contrary thereto, new trial should be granted, and deficiency in evidence cannot be supplied on hearing of motion therefor.

7. **New trial** ⬤⟶140(2)—**Plaintiffs could not by controverting affidavit on motion for new trial enlarge allegation in their petition nor introduce new issues to defeat defendant's motion.**

Plaintiffs could not by controverting affidavit on motion for new trial enlarge allegation in their petition that property sought to be partitioned was community, where case was tried on such allegation, nor could they introduce new issues to defeat defendant's motion for new trial.

8. **Husband and wife** ⬤⟶258—**That improvements on decedent's separate property were paid for with community funds or with proceeds of sale of wife's separate property would not make it community property.**

That improvements were made on decedent's separate property after his marriage would not make it community property, regardless of whether improvements were paid for with community funds or with proceeds of sale of wife's separate property.

9. **Witnesses** ⬤⟶138—**Neither parties nor their privies in suit for partition of decedents' property should be permitted to testify to any transaction with or statement of such decedents affecting issues involved (Rev. St. 1925, art. 3716).**

In suit between heirs for partition of decedents' property, neither parties nor their husbands or wives should be permitted to testify to any transaction with or statement of either of such decedents in any way affecting issues involved, in view of Rev. St. 1925, art. 3716.

Appeal from District Court, Coryell County; Joe H. Eidson, Judge.

Suit by Mrs. Sallie Fleming and others against Mrs. Bettie Pellum and others. Judgment for plaintiffs, and defendant Mrs. Bettie Pellum appeals. Reversed and remanded.

T. R. Mears, of Gatesville, for appellant.
McClellan & Cross and H. C. Stinnett, all of Gatesville, for appellees.

GALLAGHER, C. J. This suit was instituted by Mrs. Sallie Fleming and others, all of whom are appellees herein, against Mrs. Bettie Pellum, appellant herein, and others, who are also appellees, to establish the respective interests of the several parties to the suit in and to about 224 acres of land in Coryell county, Tex., and to have the same partitioned among said parties. The parties will be designated as in the trial court. Plaintiffs alleged that the property described in their petition belonged to the estate of J. L. McGee and his wife, Hannah D. McGee; that the same was community property of their marriage; and that both of them were dead. They also alleged that said property was incapable of partition in kind, and asked for the appointment of a receiver to sell the same, and that partition be effected by dividing the proceeds of such sale. J. L. McGee was the father of seven children by a prior

marriage. Hannah McGee was the mother of two' children by a prior marriage. They were both parents of five children born of their marriage to each other. The children of Mrs. McGee's prior marriage were 'Mrs. Sallie Fleming and Mrs. Ella Spurgeon, both of whom were plaintiffs in this suit. Some of the children of 'McGee by his first marriage were dead, but all of the same were represented in this suit by their respective heirs. All the heirs of both J. L. McGee and Hannah McGee were parties to the suit. All of the same were parties plaintiff in the trial court except appellant Mrs. Pellum and the heirs of two of her ·deceased sisters, all of whom were made defendants. Mrs. Pellum and her said two deceased sisters were children of McGee by his first marriage. Mrs. Pellum resided in the state of Oklahoma, and had so resided for many years. She was regularly cited by publication to appear and answer at a term of the district court of Coryell county which met on the 13th day of July, 1925. She did not appear either in person or by attorney. The court appointed an attorney of the local bar to represent her and certain other defendants cited by publication. Said attorney filed an answer in behalf of all the parties cited by publication, in which he asserted in their behalf an interest in the land sought to be partitioned, and asked the court to determine said interest and to protect their respective rights therein, and as to all the other matters alleged entered a general denial. The case was tried on July 15, 1925. The statement of the evidence adduced at said trial was reduced to writing, signed by counsel and approved and signed by the trial judge, and filed in the cause as a part of the record therein on August 24th thereafter.

The court rendered judgment, reciting, in substance, that the parties plaintiff and defendant were the joint and exclusive owners of the land described in plaintiffs' petition, and "that said land should be treated as the joint and community property of J. L. McGee and wife, Hannah McGee." The court appointed a receiver and directed him to sell the entire property and return the proceeds into court for division among the parties to the suit, one half of such proceeds to be paid to the heirs of J. L. McGee and the other half to the heirs of Hannah McGee.

On August 24, 1925, during the term of said court at which said case was tried, Mrs. Pellum filed in this cause her motion for a new trial, duly verified by her affidavit. In her said motion she set out the fact that the suit had been filed on May 27, 1925, that she had been cited by publication, that the' trial had been had on July 15, and that she was represented on said trial only by an attorney appointed by the court. She alleged that she was 78 years of age, that she was not a subscriber to the paper in which the citation to her was published, and that she never saw nor heard of the same and had neither no-

tice nor knowledge of the filing or pendency of this suit until about the 18th day of July, 1925. She set out ·in said motion the relationship of the parties, the history of the .acquisition of the properties ordered partitioned and a large part of the record in the case. She alleged that said judgment was the result of a mistake as to the pleadings and evidence. She complained particularly of the finding of the court that all the property involved should be treated as community property, and that Mrs. Fleming and Mrs. Spurgeon, children of Mrs. Hannah McGee by her first husband, were entitled to participate in the proceeds of one-half of all of said property. She also alleged that a part of said property was in fact the separate property of her father, J. L. McGee, that the same was the most valuable of all the lands ordered sold for partition, and that such sep-' arate property should have been ordered sold separate and apart from the community property. She also alleged, in effect, that the judgment was not supported by the evidence, in that the evidence showed that a part of the land was the separate property of said J. L. McGee, that the only evidence offered for the purpose of showing to the contrary was from the said two children of Mrs. Hannah McGee by her first marriage, and that neither of them were competent witnesses to testify to any transactions between said McGee and their said mother. She also alleged, in substance, that she had a good defense in part to plaintiffs' demands, in that a part of said land was in fact the separate property of her said father; that she was entitled to one-twelfth of all of such separate property instead of one-twelfth of one-half thereof as awarded by said judgment, and that the said separate property was more valuable and would sell for more than the. community property, and should therefore be sold separately. All said matters were alleged in elaborate detail, and, in addition thereto, other matters not necessary. to be here recited were set out in said motion.

Plaintiffs filed a controverting affidavit in the nature of a plea of.confession and avoidance. They did not deny but practically conceded that a part of the property in controversy was originally the separate property of J. L. McGee, but they set up certain matters which they alleged constituted equitable grounds justifying the trial court in treating said separate property of McGee as a part of the community estate of himself· and his said wife.

There was a hearing of said motion on the day it was filed. At such hearing the written statement of the facts proved on the trial of the cause which had been prepared and filed as a part of the record therein was, over the objection of the defendant, Mrs. Pellum, introduced in evidence. The court, after hearing the evidence on said motion, overruled the same, and Mrs. Pellum except-

ed to such action. The court at the request of Mrs. Pellum filed, on September 1, 1925, findings of fact and conclusions of law. Mrs. Pellum by her counsel excepted to the major portion of said findings of fact on the ground that the same were contrary to and unsupported by the evidence, and also requested the court to make corrective and additional findings. The court declined to amend such findings or to supplement the same. Mrs. Pellum has brought the case to this court for review by appeal. She has presented as grounds for reversal seven points or propositions, all of which are supported by assignments of error. It will not be necessary to consider all of said points, as some of them will become immaterial in view of the disposition which will be made of this appeal.

One of the points presented by Mrs. Pellum in her brief as grounds for reversal of the judgment of the trial court is, in substance, that the court erred in overruling her motion for new trial because the evidence adduced on the trial of the case showed that 85 acres of the most valuable part of the property involved in this suit was the separate property of J. L. McGee. A further proposition so presented is that, the facts being as contended in the preceding proposition, the judgment sought to be set aside was erroneous, in that it permitted the children of Mrs. McGee by her first marriage to participate in the partition and distribution of the proceeds of the sale of such property. In passing upon these propositions it is necessary to determine the status of said motion for new trial, Mrs. Pellum's right to have the same heard and considered, and the relief which should have been accorded her on such hearing. Mrs. Pellum being a nonresident and having been cited by publication, on her failure to answer the statute required that an attorney should be appointed by the court to defend the suit in her behalf, and that a written statement of the evidence introduced should be prepared, approved, and signed by the trial judge and filed as part of the record in the case. R. S. 1911, art. 1941. Another statute provided that no judgment by default should be taken against her by reason of her failure to answer, but that the facts entitling the plaintiffs to judgment should be exhibited to the court on the trial, and that a statement of such facts should be made, approved, and filed as provided by the article above cited. R. S. 1911, art. 2175.

[1-3] Mrs. Pellum's motion for a new trial was filed and acted on during the term of court at which the judgment was rendered. Merely because she was cited by publication she did not have to wait until court adjourned for the term and then move to set the judgment aside, under article 2026, Revised Statutes 1911, which provides that motions for new trial may be filed in such cases at any time within two years after the rendition of the judgment sought to be set aside.

That article merely provides an additional remedy in such cases. It does not take away any rights conferred or remedies provided by other articles of the statutes. Chrisman v. Miller, 15 Tex. 159; Doty v. Moore, 16 Tex. 592; Kruegal v. Cobb, 124 S. W. 723, 726, 58 Tex. Civ. App. 449 (writ refused). It has been frequently held in equitable actions to set aside a judgment rendered at a prior term of the court that it is necessary to show that the complaining party had no notice of such judgment until too late to file a motion to set the same aside during the continuance of the term. Moore v. Moore (Tex. Civ. App.) 259 S. W. 322, 326. Since Mrs. Pellum had the right to file her motion for a new trial during the term, we need not determine whether a failure to do so would have deprived her of the benefits of article 2026 above recited or not. Neither is it necessary to determine whether she had actual notice of the pendency of this suit prior to the rendition of the judgment herein. Notwithstanding the fact that she did not appear and answer at the trial of the cause, it still devolved upon the plaintiffs, under the article above cited, to prove their case as laid in their petition. The only allegation concerning the character of the property to be partitioned found in said petition is that such property was community property of the marriage of J. L. and Hannah McGee. There was no allegation of the existence of any circumstances which would authorize a decree that any separate property of J. L. McGee should be treated as community. The statement of the facts proved on the trial, as reduced to writing, approved and filed as a part of the record in the case, was, we think, admissible in evidence at the instance of either party on the hearing of the motion for new trial for the purpose of showing whether the judgment rendered was or was not supported by the evidence. Such statement showed that 85 acres of the land sought to be partitioned was out of a tract patented to J. L. McGee during the lifetime of his first wife; that plaintiffs offered circumstantial evidence to show that J. L. McGee had conveyed another part of the original tract to his children by his first wife in satisfaction of their mother's interest therein; that the remainder of the land to be partitioned was purchased by McGee during his second marriage, and was therefore apparently community property; that Mrs. Fleming and Mrs. Spurgeon, children of Mrs. Hannah McGee by her first marriage, testified on the trial, without objection, in substance, that their said mother owned certain lands at the time of her marriage to J. L. McGee, and said lands had been sold and the money used in supporting the family; that they also testified, without objection, to certain declarations by J. L. McGee and certain statements by their mother, Hannah McGee, tending to show that 67 acres of said community lands known as the Loving tract

was purchased by said McGee for the purpose of reimbursing their said mother for the proceeds of her land so used in supporting the family, and said McGee held said tract in trust for their said mother, and he had promised to convey the same to her; that they further testified that such conveyance was never made. There was no evidence in such statement of the relative value of the Loving tract and the 85 acres of separate property. Neither was there any evidence therein which tended in any way to show that J. L. McGee ever treated said 85 acres as community property, or that he ever agreed to do so.

[4-6] Such being the evidence, we think that the finding of the court incorporated in said judgment, and on which the same is based, to the effect that all said property, including the 85 acres of separate property of J. L. McGee, should be treated as community property and the proceeds divided among the respective parties to the suit on that basis, is without support in the evidence adduced at the trial at which such judgment was rendered. Plaintiffs contend that we cannot consider the sufficiency of the evidence to support the judgment, because the court at the request of Mrs. Pellum filed findings of fact, which they contend are sufficient to sustain such judgment, and she has presented no assignments of error directly attacking any of such findings. The Commission of Appeals, in Temple Hill Development Co. v. Lindholm, 231 S. W. 321, held that where the motion for new trial challenges the correctness of the court's findings and the sufficiency of the facts to support the judgment, and such motion is overruled, the defendant has a right to have assignments of error based on such motion considered and acted on by the Court of Civil Appeals, notwithstanding findings of fact are thereafter filed by the trial court at his request, and notwithstanding such findings are in themselves sufficient to support the judgment. The Supreme Court expressly approved such holding and remanded the case to the Court of Civil Appeals for that court to pass on said assignments. The opinion of the Court of Civil Appeals refusing to consider the statement of facts in passing on said assignments is reported in 212 S. W. 984, and its opinion on consideration of the case after it was remanded to them by the Supreme Court is found in 234 S. W. 237. We think this case is within the rule announced by the Commission of Appeals and approved by the Supreme Court in that case, and that we are not relieved from the duty of passing upon the sufficiency of the evidence adduced at the time of trial to support the judgment appealed from. Where the judgment of the court is without support in the evidence or is contrary to the evidence, a new trial should be granted, and the deficiency in evidence cannot be supplied on the hearing of motion therefor.

[7, 8] The fact that the 85-acre tract included in the lands sought to be partitioned was the separate property of J. L. McGee was a meritorious defense in part to the allegation in plaintiffs' petition that all said land was community, and to the claim asserted by plaintiffs in said petition that the children of Mrs. McGee by her first marriage were entitled to participate in the distribution of the proceeds of such tract. This fact was available to her in meeting the burden of showing such a defense as a requisite part of her motion for a new trial, and it was so alleged in said motion. The allegation in plaintiffs' petition was that the property sought to be partitioned was community. Plaintiffs could not by controverting affidavit enlarge the allegations in their petition on which the case was tried nor introduce new issues to defeat Mrs. Pullum's motion. They in said controverting affidavit admitted, in effect, that the 85-acre tract was the separate property of J. L. McGee, as alleged in said motion, but attempted to avoid the effect of such admitted fact and defeat a new trial on the ground that improvements were made on said separate property after the marriage of J. L. and Hannah McGee. If such improvements were in fact made as alleged, they would not change the character of said property with reference to its being separate or community, regardless of whether they were paid for with community funds or with the proceeds of the sale of Mrs. McGee's separate property. Creamer v. Briscoe, 109 S. W. 911, 101 Tex. 490; Welder v. Lambert, 44 S. W. 281, 91 Tex. 510; Jackson v. Jackson (Tex. Civ. App.) 258 S. W. 231, 232. Any sums so expended for improvements after said marriage may on another trial, under proper pleadings, be made a charge upon said 85-acre tract in favor of the community or of the separate estate of Mrs. McGee, as the facts proved at that time may justify under the rules of law applicable in such cases. Welder v. Lambert, supra; Allen v. Allen, 107 S. W. 528, 101 Tex. 362; Jackson v. Jackson, supra. The court erred in overruling Mrs. Pellum's motion for a new trial.

[9] Since the judgment appealed from in this case is to be reversed, it is not necessary to pass upon Mrs. Pellum's objections to the evidence of the witnesses Mrs. Spurgeon and Mrs. Fleming, who testified in behalf of plaintiffs. In view of another trial, however, it is proper to say that in this suit there is a contention between the heirs of J. L. McGee and the heirs of Mrs. Hannah McGee over their respective rights in the property, or some of the property sought to be partitioned, and that neither party should be permitted over the objection of the other to testify to any transaction with or statement by either of said decedents in any way affecting the issues involved herein. R. S. 1925, art. 3716; James v. James, 16 S. W. 1087, 81 Tex. 373, 377; Parks v. Caudle, 58 Tex. 216, 221; Walls

v. Cruse (Tex. Com. App.) 235 S. W. 199, 201. Neither should the husbands or wives of the respective parties be permitted to give such testimony. Tannehill v. Tannehill (Tex. Civ. App.) 171 S. W. 1050, 1051; Simpson v. Brotherton, 62 Tex. 170.

Should it be found upon another trial that said 85-acre tract was the separate property of J. L. McGee, and should it be further found that the best interests of all the parties interested in the entire property sought to be partitioned require that all such property should be sold together, the court should find the value of such separate property and also the value of the community property ordered partitioned, and the aggregate proceeds of the sale should be apportioned in accordance with such findings.

The judgment of the trial court is reversed, and the cause is remanded.