**TEXAS CO. et al. v. BEALL et al.** (No. 562.)*

Court of Civil Appeals of Texas. Waco.
Oct. 20, 1927.

Rehearing Denied Nov. 17, 1927.

**I. Partition** ☞95—**Judgment partitioning undivided one twenty-fourth of mineral rights will not be construed as granting only one twenty-fourth of one-eighth royalty.**

Where judgment in suit for purpose of establishing interest of parties in land and in mineral rights, a seven-eighth interest of which had been conveyed, partitioned land between the two plaintiffs and defendant in shares of one-third each with undivided one twenty-fourth interest in the mineral estate, it will not be construed as limiting recovery to undivided one twenty-fourth of one-eighth royalty reserved when taken in connection with fact that judgment was entered decreeing each party one-third interest in land; one twenty-fourth of mineral rights amounting to one-third of one-eighth interest.

**2. Mines and minerals** ☞48, 55(I)—**Mineral rights are part of realty and may be disposed of by fractional interest.**

Mineral rights are part of realty and can be conveyed separate and apart from surface rights, and parties may own and dispose of fractional interests therein.

**3. Judgment** ☞297 — **Trial court may correct any decree which it has entered.**

Trial court has right to correct any decree and make it speak the real judgment as rendered by the court at the time.

**4. Carriers** ☞93—**Pipe line company delivering oil pending outcome of suit in accordance with specific agreement cannot be held for conversion.**

Where plaintiff suing for recovery of undivided interest in land and mineral rights entered into agreement with purchaser of minerals for delivery of oil over pipe line pending outcome of controversy, pipe line company cannot thereafter be *held* liable for conversion of oil delivered in accordance with specific agreement therefor.

**5. Costs** ☞237—**No extra expense being incurred by reason of erroneous judgment against one defendant, cost on affirmance as to others will be taxed against others.**

Where no extra expense was incurred on appeal by reason of erroneous judgment rendered against one of defendants, in that such de-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused.

fendant and another filed a joint appeal bond, joint briefs, and were represented by same counsel, costs of appeal on affirmance except as to such defendant will be taxed to remaining defendants jointly and severally.

Appeal from District Court, Freestone County; J. R. Bell, Judge.

Suit by J. Y. Beall and others against the Texas Company and others, wherein defendant named filed a cross-action against Mrs. Watson and others. Judgment for plaintiffs and in favor of defendant named on its cross-action, and defendants appeal. Affirmed in part, and in part reversed and rendered.

J. A. McNair and Y. A. Land, both of Houston, Black & Graves, of Austin, and I. W. Keys, of Mexia, for appellants.

Richard & A. P. Mays, of Corsicana, and P. O. French and R. L. Williford, both of Fairfield, for appellees.

BARCUS, J. In 1925, appellees W. W. Beall and J. Y. Beall, brothers, filed separate suits against their sister, Mrs. Watson, each seeking a recovery of an undivided one-third interest in 6 acres of land, together with one-third of the mineral rights and one-third of the price which Mrs. Watson had obtained for an oil and gas lease contract on said property. Mrs. Watson, by cross-action in said litigation, claimed to own the entire 6 acres and asked that her title to the land and mineral rights be quieted. Those suits resulted in judgment being entered for each of the Bealls for an undivided one-third interest in the land and one twenty-fourth interest in the mineral estate, and for one-third of the amount which their sister, Mrs. Watson, had obtained from the sale of the mineral lease, and judgment for Mrs. Watson for one-third of the land and one twenty-fourth of the mineral rights, less certain portions sold by her; these judgments being affirmed by this court. 279 S. W. 543, 546.

It appears from the record that prior to the time the original suits were filed, Mrs. Watson, on the theory that she owned all of the land in controversy, executed to the oil companies a mineral lease, whereby she conveyed to them seven-eighths of the mineral rights and reserved unto herself a one-eighth interest. Thereafter her two brothers, appellees herein, joined in said lease contracts and ratified the same, reserving their right to sue their sister for one-third of the amount which she had received therefor, together with one-third of the royalty which had been retained. The effect of the instrument by Mrs. Watson and ratified by appellees was to convey, without reservation, seven-eighths of the mineral rights to the oil companies and to retain for the owners of the land a one-eighth interest in the minerals. In the former suits there was no contention be-

tween Mrs. Watson and her brothers with reference to the sufficiency of the conveyance which they had made conveying the seven-eighths interest, and the judgments of the trial court in said suits recited that seven-eighths of the mineral rights had been by the parties transferred to the oil companies.

During the pendency of the former suits appellees entered into a contract with the Texas Company and the Texas Pipe Line Company, under the terms of which said companies were dismissed from the former suits, in consideration that the Texas Company would retain two-thirds of the one-eighth royalty until the final disposition of those suits and would then pay to appellees, if they recovered in said suits, the value of the oil produced from the land as of date same was produced, with 4 per cent. interest thereon. After the judgments in said suits were finally affirmed, appellees made demand on said companies for payment, which was refused, and this suit was instituted by appellees to recover said amount, and all the parties to the original suits, together with said two companies, were made parties defendant. The Texas Company filed a cross-action against Mrs. Watson and her husband, claiming that they had overpaid them $10,971.48, and asking for judgment for said amount over against the Watsons. Appellants in the trial court contended that, under the terms of the former judgments, appellees were to receive only one twenty-fourth of the one-eighth of the mineral estate and that the remaining twenty-three twenty-fourths of the one-eighth belonged to the Watsons. Appellees contended that they were entitled under the terms of the former judgments to one-third of the one-eighth mineral estate, or one twenty-fourth of the entire mineral estate, and, in the alternative, that if the judgment could be construed according to appellants' contention, that same should be amended by the trial court and judgment should be entered in conformity with the decree as rendered by the trial court in the original cases. The cause was tried to the court and resulted in judgment being rendered for appellees in conformity with their pleadings and in favor of the Texas Company against the Watsons for $10,971.48.

[1, 2] Appellants, by proper assignments of error, contend that, under the terms of the judgments as entered by the trial court in the original suits, appellees were each entitled to recover only an undivided one twenty-fourth of the one-eighth royalty. We overrule these contentions. Appellees, who brought the original suits, claimed that they each owned a one-third interest in the land and minerals, and Mrs. Watson, their sister, in her answer claimed that she owned all of the land and minerals. On the trial of the original suits it was admitted by all parties that Mrs. Watson and her brothers had con-

veyed seven-eighths of the mineral rights to the oil companies. It is a well-established principle of law now in Texas that the mineral rights are part of the realty and can be conveyed separate and apart from the surface rights, and that parties may own and dispose of fractional interests therein. Hager v. Stakes, 116 Tex. 453, 294 S. W. 835, and authorities there cited. The former suits did not seek a partition of the land nor a partition of the mineral rights, but the only issue joined was for the purpose of establishing the interest each of the parties had therein. As stated, Mrs. Watson claimed the entire land and each of the Beall boys claimed a one-third interest. The judgment as entered by the trial court decreed Mrs. Watson a one-third interest in the land, together with one twenty-fourth of the mineral rights, less certain fractional portions thereof which she had conveyed to other parties, and decreed each of the appellees a one-third interest in the land and a one twenty-fourth interest in the mineral rights, which, of course, amounted to one-third of a one-eighth. The former causes were tried to the court and the entry on the judge's docket, made at the time the same were tried, stated that judgment was rendered for each of the Beall boys for one-third interest in the land and minerals sued for and described in plaintiff's petition, together with one-third of the $1,-200 received by Mrs. Watson for the lease, to wit, $400, and for a cancellation of the deed which was sought to be canceled in said suit; clearly demonstrating the fact that it was the trial court's intention to and that it did render a judgment for each of the Beall boys for one-third of the surface rights in the land and one-third of the one-eighth mineral estate which had not been by the Watsons and Bealls sold to the oil company. The three children, Mrs. Watson and the two Beall boys, having conveyed seven-eighths of their mineral rights to the oil companies, retained in themselves jointly a one-eighth interest, and the former judgments only attempted to dispose of and did dispose of said one-eighth of the mineral rights, giving to each of the three children a one twenty-fourth interest therein, which is equivalent to one-third of the one-eighth minerals they had reserved. The oil companies were not interested in the one-eighth interest in the mineral rights; neither were the Bealls nor Watsons interested in the seven-eighths thereof owned by the oil companies, and the former litigation did not in any way attempt, as between the oil companies and the owners of the fee in the land, to fix their rights in the mineral estate. We think the trial court was correct in construing its former judgment to mean that W. W. Beall and J. Y. Beall were each entitled to a one-third interest in the one-eighth mineral rights which had been reserved, or a one twenty-fourth of the total mineral rights on and under said land.

[3] If it could be said that there was any ambiguity in the judgment as actually entered by the trial court in the original suits, we think the trial court in this litigation was justified in so amending said judgments as entered to speak the real truth. It has been uniformly held that the trial court has a right to correct any decree which it has entered and make it speak the real judgment as rendered by the court at the time. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040. Of course, the court cannot enter an entirely different judgment on motion to correct from the judgment it actually rendered on the trial of the case, but where the entire record shows that the court actually rendered a certain judgment, and the minutes of the court do not correctly state said decree or judgment, the trial court can thereafter, as between the original parties, make the record speak the real truth. In the construction of judgments the same rule is applied as in the construction of any other written contract, and where a judgment as entered may have two constructions, the one which clearly conforms to the pleadings, evidence, and judgment as rendered should be adopted, rather than one that gives an entirely erroneous and different view from that contemplated or authorized by the entire record. Gough v. Jones (Tex. Com. App.) 212 S. W. 943; Magnolia Petroleum Co. v. Caswell (Tex. Civ. App.) 295 S. W. 653.

[4] Appellant Texas Pipe Line Company assigns error to the action of the trial court in rendering a personal judgment against it for the amount of oil produced from appellees' interest in the mineral estate which it, as a common carrier, had delivered to the Texas Company. We sustain this assignment. The contract made between appellees and the Texas Pipe Line Company and the Texas Company during the pendency of the former suits provided specifically that appellees sold to the Texas Company, and it purchased from appellees, all of their interest in the oil that might be produced from said land during the pendency of said litigation, and authorized the Texas Pipe Line Company to deliver said oil to the Texas Company, and the Texas Company alone agreed in said contract to pay appellees therefor the current price as of date the oil was run, together with 4 per cent. interest thereon. The judgment of the trial court rendered in this cause against the Texas Company was for the admitted amount of oil which it had received, together with 4 per cent. interest thereon, under the terms of and in conformity with said contract. There was no evidence offered which authorized the trial court to render a judgment against the Texas Pipe Line Company for said amount. Appellees, having sold the oil to the Texas Company and hav-

ing authorized the Texas Pipe Line Company to deliver same to the Texas Company, are bound thereby and cannot now hold the Texas Pipe Line Company for conversion of the oil which they had specifically agreed might be delivered by the Texas Pipe Line Company to the Texas Company.

[5] We have carefully examined all of the other assignments of error of appellants and same are overruled. The judgment of the trial court in so far as it affects the Texas Company and Annie E. Watson and husband, E. L. Watson, is affirmed. The judgment rendered against the Texas Pipe Line Company, a corporation, in favor of appellees, is hereby reversed, and judgment is here rendered that appellees take nothing as against said company. It appearing to the court that no extra expense has been incurred in the appeal by reason of the judgment rendered against the Texas Pipe Line Company, since it and the Texas Company have filed a joint appeal bond, joint briefs, and are represented by the same counsel, it is therefore the opinion of the court that all costs of appeal should be taxed against Annie E. Watson, E. L. Watson, and the Texas Company, jointly and severally.