### BRAY et ux. v. CLARK. (No. 675.)

Court of Civil Appeals of Texas. Waco. June 21, 1928.

H. E. Traylor and Callicutt & Upchurch, all of Corsicana, for appellants.

H. B. Daviss, of Corsicana, for appellee.

BARCUS, J. Appellant Mrs. Bray is the daughter of appellee, Mrs. Clark. It appears that Mrs. Clark's husband died when her daughter, Mrs. Bray, was a small child. In 1909, a year or two after Mrs. Bray became of age, Mrs. Clark and Mrs. Bray, who was then Belle Clark, purchased a lot and house in Corsicana, in which they operated a boarding house. In 1910 said house and lot were sold for $1,000 cash, which they invested in another house and lot, the title to which was taken in the name of Mrs. Clark, and, in addition to the $1,000 paid in cash, Mrs. Clark executed her individual notes as part of the purchase price of said property for $450, which notes were afterwards paid. In 1911, about one year after the purchase of the second piece of property, Mrs. Clark and her daughter, Belle, now Mrs. Bray, moved into said house, and as per agreement contained in the statement of facts, continued in possession of and occupied said property from that date until after the filing of this suit. In 1917, Belle Clark married W. W. Bray, and it appears that during a large portion of the time since her marriage her husband has lived with her and Mrs. Clark in the property in controversy. During all these years a boarding house has been operated in said house—Mrs. Clark's contention being that she was the sole owner and manager thereof and that she employed her daughter, Mrs. Bray, to assist her; Mrs. Bray's contention being that she and her mother have been, during all these years, partners in the operation of said boarding house. In 1920, appellee, Mrs. Clark, conveyed a one-third interest in the house and lot to appellant Mrs. Bray. Appellee, Mrs. Clark, in this suit, seeks to recover judgment against the appellants for the title and possession of all of said house and lot, together with all the household and kitchen furnishings in said house except certain portions, undescribed, which she alleged belonged to appellant Mrs. Bray, and seeks a personal judgment against appellant W. W. Bray for certain sums of money which she claimed he owed her, and seeks to recover $5,000 for board which she claims he owes her for having taken care of him, his wife, Mrs. Bray, and their baby, for 10 years. Appellants contend that appellant Mrs. Bray is entitled to an undivided one-half interest in the real estate and one-half interest in the household and kitchen furnishings located in said house; and ap-

pellant W. W. Bray asked for judgment against appellee for certain sums of money which he claims to have advanced to her and additional sums which he paid in the way of improvements on the house; and appellants further sought judgment against appellee by reason of her having issued a writ of injunction against them, restraining them from occupying the house, and for defamation of character.

The cause was tried to the court, and resulted in a judgment originally being entered for appellee for two-thirds interest in the house and lot and two-thirds interest in the household and kitchen furniture, and a judgment refusing appellants a recovery on any of their cross-actions and for appellant Mrs. Bray for an undivided one-third interest in the house and lot and one-third interest in the household and kitchen furniture, and the property was ordered sold so that same could be divided. After an appeal was perfected, the trial court entered a corrected judgment, which has been brought to this court by a supplemental transcript, under the terms of which appellee was awarded two-thirds of the real estate and all of the household and kitchen furnishings, and was given judgment against W. W. Bray for the total sum of $1,210, and Mrs. Bray was given judgment for an undivided one-third interest in the real estate, which was ordered sold so that same could be divided, and appellants were denied any recovery on their cross-actions.

■ Appellants by various assignments and propositions contend that the trial court had no authority to correct its judgment and enter a different judgment from that originally entered, after the appeal had been perfected. We overrule these assignments. The rule seems to be well established that a trial court has a right at any time to correct any decree which it has entered and make it speak the real judgment as rendered by the court at the time. Texas Co. v. J. Y. Beall (Tex. Civ. App.) 3 S. W. (2d) 524, and authorities there cited.

Appellants complain of the action of the trial court in rendering judgment for appellee for all of the household and kitchen furnishings and fixtures. They contend that there is neither pleading nor proof to support this portion of the court's judgment. We sustain these assignments. The only pleading with reference to the huosehold and kitchen furniture and fixtures is a general statement by appellants that they own one-half thereof, and a pleading by appellee, Mrs. Clark, in response thereto, in which she alleged that she owned all of the household and kitchen furnishings and fixtures except certain portions which belonged to her daughter, Mrs. Bray. No attempt was made by either of the parties to give any itemized list of the furniture or fixtures, and there is not a single line of testimony by any of the parties with reference to whom they belonged or who purchased and paid therefor. The trial court filed findings of fact and conclusions of law, and there is also in the record a statement of facts, agreed to by all the parties. The trial court found that the household goods and furnishings described in defendants' pleadings belonged to appellee, Mrs. Clark, and that she had paid for the same. Appellants challenge this finding of the trial court, and we find nothing in the statement of facts that will support said finding. We do not think the trial court was authorized, under the facts, to render a judgment for appellee, Mrs. Clark, for all of the household and kitchen furnishings and fixtures, without any evidence from her or any one else showing that she had purchased or paid therefor. Especially is this true when Mrs. Clark in her pleadings alleged that part of said property belonged to her daughter, Mrs. Bray.

Appellants complain of the action of the trial court in rendering judgment against W. W. Bray for $660 on a note dated June 22, 1925, for $500, bearing 8 per cent. interest per annum from date, and providing for 10 per cent. attorney's fees because there is neither pleading nor proof authorizing said judgment. We sustain this assignment. Appellee alleged that she loaned appellant Bray $500, for which he gave his note. She did not allege the date of the note nor the rate of interest. Neither did she allege it provided for any attorney's fees. The note is not contained in the statement of facts, and there is no evidence in the record with reference thereto, except a general statement that a note for $500 was given by appellee to appellant W. W. Bray. There is nothing in/the record to show the date of the note, the rate of interest or the maturity thereof, or that in any way indicates that it provided for attorney's fees, and there is no finding of fact by the court which in any way cures said defects.

Appellants complain of the action of the trial court in rendering judgment against W. W. Bray in favor of appellee, Mrs. Clark, for $450 rent; their contention being that there is no evidence to support this portion of the judgment. We sustain this contention. In his findings of fact and conclusions of law, the court found that the reasonable rental value of appellee's two-thirds interest in the property was $50 per month, and that she was entitled to judgment therefor for the time she had been kept out of the premises. Appellee pleaded and testified that she had been required to leave home between the 17th and 29th of March, 1927. The judgment was rendered October 3, 1927, so that she could not under the court's findings have been entitled to more than 6½ months rental at $50 per month. The original judgment as entered did not give appellee judgment for anything on account of rent, and the court on motion to correct the original judgment was not authorized to enter judgment for more than his

findings of facts and conclusions of law would authorize.

Appellants complain of the action of the trial court in rendering judgment against appellant W. W. Bray for $100 for an automobile; their contention being that there is no evidence in the record which will support this portion of said judgment. We sustain this contention.

■■ Appellants contend that under the undisputed facts they were entitled to a judgment for an undivided one-half interest in the real estate and one-half interest in all the household and kitchen furniture. The testimony with reference to these items is very unsatisfactory. There is no evidence with reference to how or when the furniture and fixtures were purchased or who paid therefor. The law seems to be well established that, when two or more persons join in the purchase of real property, in the absence of special stipulations to the contrary, they will be held to own the property so purchased in the proportion in which they respectively furnished the consideration. If the title in such case is taken in the name of only one of the parties, he will be held to own the same in trust for the other in proportion to the part of the consideration contributed by such other party. Jackson v. Jackson (Tex. Civ. App.) 258 S. W. 231, and authorities there cited. The evidence will be more fully developed on another trial, and the rights of the parties can be more satisfactorily determined.

The issues in this case are neither numerous nor complicated. The transcript shows that the pleadings of the parties embrace about 110 typewritten pages. We suggest, in view of another trial, that the parties be required to replead, in order that the issues may be more succinctly presented to the court.

The judgment of the trial court is reversed, and the cause remanded.

## On Rehearing.

Appellee, Mrs. Annie Clark, has filed in this court a remittitur of her claim for all moneyed judgments against the appellants W. W. Bray and his wife, Belle Bray, and has also waived her claim to all interest in the household and kitchen furniture and the real estate, except an undivided one-half interest therein. Appellants did not in their answer and do not in this court claim anything but an undivided one-half interest in the household furnishings and fixtures and real estate involved in this litigation. There being no other converted issues that necessitate a reversal of this cause, the judgment of the trial court is reformed to the extent that appellee is denied any recovery against appellants for the moneyed judgment on the $500 note sued on, and for rent, and for the amount claimed on the automobile, and appellee is given judgment for an undivided one-half interest in all of the household and kitchen furnishings described in the judgment as rendered by the trial court, and also an undivided one-half interest in the real estate described in said judgment, and appellant Mrs. Belle Bray is given judgment for an undivided one-half interest in said household and kitchen fixtures and furniture and real estate. There being nothing in the record showing the items of household and kitchen fixtures and furniture, or the value thereof, and no finding by the trial court as to whether same can be divided in kind, and it appearing that this portion of the judgment of the trial court is severable from the other issues raised and disposed of, and that its disposition does not in any way depend upon any other issue in the case, it is ordered that the judgment in so far as it affects the household and kitchen furniture be and same is reversed, with instructions to the trial court to ascertain the kind, class and character of the household and kitchen fixtures and furniture which belonged to appellants and appellees jointly, and ascertain whether same can be divided in kind; and, if same can be divided in kind, then have same divided by commissioners appointed for that purpose; and, if same cannot be divided in kind, then the trial court shall order said personal property sold, and the proceeds derived therefrom, after paying the expenses incident thereto, divided equally, one-half to appellant Mrs. Belle Bray and the other half to appellee, Mrs. Annie Clark.

The judgment of the trial court in all other respects is affirmed.