**STATE et al. v. MARTIN et al. (two cases).**

Nos. 3099, 3124.

Court of Civil Appeals of Texas. Beaumont.

July 22, 1937.

Rehearing Denied Aug. 4, 1937.

William McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for appellants.

E. B. Pickett, Jr., of Liberty, for appellees.

WALKER, Chief Justice.

The parties to this appeal will be referred to as plaintiffs and defendants, as in the trial court.

The case is before us: First, on motion of plaintiffs, Mrs. Dora Martin and her two minor children, Buster and Jack Martin, to affirm on certificate a judgment in their favor for $12,500, rendered on the 8th day of March, 1936, in district court of Liberty county, against defendants, the State of Texas and the Highway Department of the State of Texas; the term of court at which the judgment was rendered adjourned on the 14th day of March, and the motion to affirm on certificate was filed in this court on the 13th of August, numbered and styled on our docket No. 3099, State of Texas et al., Appellants, v. Mrs. Dora Martin, Appellees. Second, by writ of error proceedings sued out by defendants by petition filed in the trial court on the 7th day of August and in our court on the 10th day of November, numbered and styled on our docket No. 3124, State of Texas et al., Plaintiffs in Error, v. Mrs. Dora Martin et al., Defendants in Error.

Plaintiffs filed their motion to dismiss the writ of error proceedings and, in connection therewith, prayed again that their motion to affirm on certificate be granted. As grounds for this motion they alleged, and their allegations were affirmatively supported by the transcripts filed both in the motion to affirm on certificate and in the writ of error proceedings: That, before adjournment of the term of court at which the case was tried, defendants filed their motion for new trial. That it was submitted to the court in open court. That it was overruled. That the court entered his orders in overruling the motion

in the following words: "To which action and ruling of the court the defendants then and there in open court duly excepted and then and there in open court gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, sitting at Beaumont, Texas, and they are hereby allowed fifty days after the adjournment of this term of court in which to prepare and file a Statement of Facts and bills of exception." That this order bore the signature of the trial judge and was entered in the minutes of the court before its adjournment. It was further alleged, supported by proof, that in overruling the motion the judge made the following entry on his docket: "3-14-46 Judgment rendered for plff as per decree—Defts Motion New Trial overruled to which deft. excepts and gives Notice of Appeal."

Since defendants were not required to file a bond to perfect their appeal, plaintiffs contend in their motion to dismiss the writ of error proceedings that the affirmative showing made by the transcripts conferred jurisdiction of the appeal upon this court as fully as where a bond is filed when required by law; and, since defendants failed to perfect their appeal by filing their transcript in this court, the law as announced by our Supreme Court denied them the right to abandon their appeal and to come to this court by writ of error. Plaintiffs rely upon the following proposition announced by the Supreme Court in Jarrell v. Farmers' etc., Bank, 99 S. W.(2d) 281, 282: "While there is some apparent confusion in the opinions, yet it is settled by a long line of decisions by the Supreme Court and the Courts of Civil Appeals that where an appeal is taken by giving notice and filing an appeal bond, and transcript is not filed in the Court of Civil Appeals within the statutory time, the right of the appellee to have the case affirmed on certificate is absolute, if motion to affirm is filed during the term to which the appeal was returnable, notwithstanding the appellant has abandoned the appeal by filing petition for writ of error and writ of error bond, and has filed transcript in the Court of Civil Appeals before the filing of the motion to affirm on certificate." They also cited Heywood-Wakefield Co. v. Brady (Tex.Com.App.) 101 S.W.(2d) 224, and Young's Bus Lines v. Giles (Tex.Civ.App.) 32 S.W.(2d) 879.

Defendants agree with plaintiffs in their statement of the law, but contend by affidavits filed in this court that they did not appear in court at the time their motion for new trial was overruled, and also that they did not except to the order overruling their motion for new trial, and that they did not give notice of appeal to this court; therefore, they contend, jurisdiction over their appeal did not attach to this court prior to the time they filed their petition for writ of error. They do not controvert the recitations of the transcripts that their motion for new trial was heard and overruled in open court, that the judge, in open court, made the docket entry showing his ruling on their motion, the exceptions, and the notice of appeal; nor do they controvert the fact that the judge signed the order overruling the motion for new trial and giving notice of appeal, and that this order was duly entered of record in the minutes of the court before its adjournment. Their only contention is that no one authorized to act for them was in court when the motion was acted upon, and that no one authorized to act for them excepted to the order overruling their motion and gave notice of appeal.

■ It is our construction of the affidavits filed before us that they do not support defendants' contention, but we do not review the facts of the affidavit because, as we understand the law, they raise an issue which we are without jurisdiction to decide. Every fact essential to invest in this court jurisdiction of the appeal appears in the transcript, filed on motion to affirm on certificate. Facts recited in the judgment of a trial court, brought forward in the transcript, cannot be impeached by evidence aliunde the record. In Gibson v. Singer Sewing Machine Co. (Tex.Civ.App.) 145 S.W. 633, 634, the trial court's order overruling the motion for new trial recited the following facts: "To all of which exception is taken for plaintiff, and notice of appeal by plaintiff, given to the Fourth Court of Civil Appeals at San Antonio, Texas." On the very fact situation of the case at bar, appellee moved to dismiss the appeal; overruling the motion, the court said: "Appellee seeks in this court to contradict that recital by affidavits of the county judge, the deputy county clerk, and counsel for appellee, to the effect that neither appellant nor his counsel gave any notice of appeal,

but that the order noting the exception and giving notice of appeal was gratuitously entered by the trial judge in the absence of appellant and his counsel. We cannot entertain any attempt to falsify and set aside the solemn order of a court, which is a part of the record, by ex parte affidavits. * * * It is true that article 998, Rev.Stats., [now Art. 1822], gives authority to Courts of Civil Appeals to ascertain, through affidavits or otherwise, such matters of fact as may be necessary to the proper exercise of their jurisdiction; but such inquiry is restricted to matters of fact not appearing in the record. Ennis Merc. Co. v. Wathen, 93 Tex. 622, 57 S.W. 946; Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S.W. 945. We have seen no case in which the recitals in a judgment of the lower court could be attacked by affidavits in the appellate court." In Southern Pacific Co. v. Winton, 27 Tex.Civ.App. 503, 66 S.W. 477, 478, the court said: "In passing upon the question raised by this assignment we can only consider such matters as are disclosed by the record. This requires us to exclude from our consideration, as being no part of the record, the affidavit of appellees' counsel and certificate of the clerk, made after the appeal was perfected and filed for the first time in this court, to the effect that the record does not speak the truth, and that in fact the order transferring the cause to the Thirty-Fourth district was made after the one setting aside the judgment of nonsuit. If there were a mistake in the record of the court as to the respective dates of these orders, it should have been corrected, on motion, in that court. Its records, as disclosed by the transcript, import to us absolute verity. It is for the district court—not an appellate tribunal—to correct a mistake in its minutes. We have no authority of law to consider papers filed in this court for the purpose of contradicting the minutes of the court from which an appeal is prosecuted, or of the court from which the cause was transferred to the one which rendered the judgment." In Clark v. Bradley (Tex.Civ. App.) 270 S.W. 1050, the court considered affidavits on the issue of its jurisdiction; discussing the motion to dismiss the appeal, the court said: "We do not think the affidavit of appellant's attorney herein attempts to contradict or vary the record or is an attack upon it, which is prohibited * * * but that the affidavit here shown merely seeks to supply the deficiencies of the record as to a matter which the statute does not require to be shown." After the judgment in Sumrall v. Russell (Tex.Civ.App.) 262 S.W. 507, was affirmed, writ refused, the appellant filed a motion to dismiss the appeal on the ground that the judgment appealed from had not been entered in the minutes of the trial court, supported by the affidavit of the clerk that the judgment in fact was not of record in his minutes; overruling the motion, the court said: "The transcript of the proceedings in the trial court certified under the hand and seal of its clerk imports verity. In a proper case this court has the power and will consider evidence dehors the record to ascertain whether it has acquired jurisdiction of an appeal. But it cannot consider evidence aliunde contradicting the record. * * * The affidavit of Nunnally is an attack upon the verity of the transcript which he has certified to under the seal of his office, and we decline to give it any effect." In 11 Tex.Jur. 908, it is said: "A Court of Civil Appeals in the same manner as the Supreme Court, may 'upon affidavit or otherwise as by the court may be thought proper' determine the question of its jurisdiction." This same authority, page 870, makes this statement regarding the limitations upon the power of the Supreme Court to determine the jurisdiction: "As is stated in an earlier article, the Supreme Court is the final judge of its own jurisdiction. And, in a proper case, it may permit the filing of affidavits in order to determine the question of jurisdiction, although, of course, there must be borne in mind the general rule that the record may not be contradicted nor impeached by affidavits." Citing article 1822, R.S.1925, 3 Tex.Jur. p. 82, says: "But the inquiry as to appellate jurisdiction is not limited to the record, for both the Supreme Court and the Courts of Civil Appeals are empowered by statute to ascertain, upon affidavit or otherwise, such matters of fact as may be necessary to the proper exercise of their jurisdiction. This power, it has been held, is restricted to matters of fact not appearing of record in so far as they affect the jurisdiction of these courts; evidence dehors the record may not be heard in determining jurisdiction of the trial court * * *. It seems that this authority to inquire into the existence of jurisdictional facts not

appearing of record does not extend to facts contradicting the record, although it has been held that affidavits contradicting the record may be received where the jurisdictional facts could not have been put in issue by the court trying the cause."

On the authorities cited, it is clear to us that we do not have the power, in determining our jurisdiction, to consider any fact that would impeach the fact recitations of the judgment of the lower court.

Defendants cite as controlling, giving us jurisdiction to entertain their affidavits, Herd v. Home National Bank (Tex.Civ. App.) 283 S.W. 1112, 1113, and Woodrum Truck Lines v. Bailey (Tex.Com.App.) 57 S.W.(2d) 92, 93. Neither of these cases is in point on the issue before us, but both of them rest upon the proposition quoted above from 3 Tex.Jur. p. 83, "that affidavits contradicting the record may be received where the jurisdictional facts could not have been put in issue by the court trying the case". In the Herd Case the motion to dismiss, supported by affidavits, was on the ground that the appeal bond was not filed within the twenty days allowed by the statute; in sustaining the motion the court said: "Affidavits contradicting the record will be received and considered where such affidavit presents a fact or facts affecting the jurisdiction of this court and such fact or facts could not have been put in issue in the court trying the cause." The issue in the Herd Case was before the Supreme Court in the Bailey Case (the failure to file the appeal bond in time); in that case, the Supreme Court said: "Whether the bond was so approved and filed within that period [the twenty day time limit] is a question of fact." Of course, the jurisdictional fact—the date the appeal bond was filed—could not have been put in issue in the trial court.

Defendants cite many other cases, but they are not in point; that is, none of them supports the proposition that the Courts of Civil Appeals can entertain affidavits to impeach the jurisdictional facts found and recited by the trial courts in their judgments. Thus, in Cruger v. McCracken, 87 Tex. 584, 30 S.W. 537, the court considered affidavits that Mrs. Cruger, who signed the supersedeas bond, was a married woman; this testimony did not impeach the record, for no part of the record reflected the fact that she was a married woman, and the lower court had not adjudicated that issue. In Bradford v. Knowles, 11 Tex.Civ.App. 572, 33 S.W. 149, the court heard testimony impeaching the file mark on the conclusions of fact, to the effect that the conclusions were not timely filed; this evidence did not impeach a jurisdictional fact found and recited by the trial court in its judgment, but was a simple attack on the ministerial act of the clerk of the trial court in filing the conclusions of fact. Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S.W. 659, and Dixon v. Lynn (Tex.Civ.App.) 154 S.W. 656, present the same point before this court in Tarver v. Godsey, 82 S.W.(2d) 1031: Where the record does not affirmatively show that an act required by law to be performed in "open court" was in fact performed in open court, the appellate court can hear evidence supplying the omitted jurisdictional fact. These cases rest upon the proposition that the extraneous evidence does not impeach or contradict any recitation, express or implied, contained in any part of the proceedings had in the trial court, as reflected by its regularly recorded minutes. It would serve no purpose to review defendants' other authorities, because they are not in point on the issue before us.

Defendants were not without remedy; if the district court committed error in reciting in its judgment that the defendants appeared in open court and excepted to the order, overruling their motion for new trial, and giving notice of appeal to this court, it had power to correct its mistake. In such a proceeding defendants could have developed the facts they now try to bring before us by affidavits, and could have assigned error on the court's construction of these facts. Southern Pacific Co. v. Winton, supra.

It follows that plaintiffs' motion to dismiss the writ of error proceedings must be sustained, and it is so ordered; it also follows that plaintiffs' motion to affirm on certificate must also be sustained, and it is so ordered.