LUCY SIGLER V. REALTY BOND & MORTGAGE COMPANY ET AL.

No. 7018.   Decided January 19, 1938.
(112 S. W., 2d Series, 180.)

*W. L. Coley,* of Fort Worth, for appellant.

*Slay & Simon, R. V. Nichols, Richard U. Simon,* and *Samuels, Foster, Brown & McGee,* all of Fort Worth, for appellees.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

We state only the substance of the certificate.

On August 13, 1934, judgment was entered in this case by the district court of Tarrant County in favor of appellees, who were defendants, and against appellant, who was plaintiff. The said judgment recites that the case came on for trial on that date. It further recites that the plaintiff excepted and gave notice of appeal on that date. The transcript in the case was filed in the Court of Civil Appeals December 8, 1934. The court did not give any notice showing any defects as touching the matter of jurisdiction, as required by Rule No. 1 for the Courts

of Civil Appeals. In lieu of an appeal bond the transcript contained an affidavit in compliance with the statute. This affidavit was filed in the district court on July 25, 1934, which was some twenty days prior to the date of entry of the judgment.

On September 6, 1935, some of the appellees filed in the Court of Civil Appeals a motion to dismiss the appeal, because the affidavit in lieu of appeal bond was filed prior to the rendition of the judgment. On September 7, 1935, other appellees filed a like motion. On September 10, 1935, appellant filed reply to said motion, alleging that the case was actually tried on July 12, 1934, and on that date the court announced in open court his judgment for defendants, to which plaintiff then and there excepted and gave notice of appeal. It was further alleged that after announcing his judgment, the trial court requested counsel for defendants to prepare form of judgment to be entered. The appellant further alleged that the judgment was afterwards prepared and entered on August 13, 1934. The motion also contained the following allegation:

"Appellant states that she has on this day filed her motion in the district court that the minutes of the trial court and the statement of facts be by order of the court corrected and that the judgment as filed with the clerk be corrected to show that the cause was heard and that judgment was rendered by the court in open court on the 12th day of July, 1934, a copy of which motion is hereto attached and made a part of this answer by appellant."

The case was submitted upon its merits on September 13, 1935, and the motions to dismiss were submitted on September 20, 1935, after notice. On October 4, 1935, the motions to dismiss were sustained and the appeal dismissed. At that time appellant had not obtained the order of the trial court correcting the recitals in the judgment, although motion for that purpose had been filed in the trial court.

On October 10, 1935, the appellant filed motion for rehearing and to reinstate the cause. She attached to said motion certified copy of an order entered by the trial court on October 2, 1935, correcting the minutes and the judgment of August 13, 1934, so as to show that the case was in fact tried on July 12, 1934; that the court had on that date announced its judgment, and that appellant had excepted and given notice of appeal. The motion contained a statement that certified copy of such order of the trial court had been filed with the clerk of the Court of Civil Appeals and there was a prayer that it be made a part of the original transcript filed on December 8, 1934.

The Court of Civil Appeals has certified to the Supreme Court the following question:

"And in view of the importance of the question, which may arise in other cases, we deem it advisable to certify to your Honorable Court for determination, whether or not we may in our discretion grant the motion and reinstate the appeal, notwithstanding appellant's failure sooner to have the trial court make the correction in the judgment there rendered, and bring up a supplemental transcript showing such correction, and especially before the motions to dismiss the appeal were acted on by this court?"

In view of the fact that no notice was given as provided for in Rule No. 1, at the time of filing of the transcript in the Court of Civil Appeals, and in view of the fact that it appears that appellant acted promptly to correct the record after the filing of the motions to dismiss, we answer the foregoing question as follows: That the Court of Civil Appeals may in its discretion grant the motion to file the supplemental transcript, and may grant the motion to reinstate the cause for the purpose of giving consideration to the additional order in connection with the motions to dismiss. The authorities are fully reviewed in the case of Blalock v. Slocum, 245 S. W. 648, by the Commission of Appeals, and in light of that case no further discussion is necessary. We also refer to the later case of Texas Indemnity Insurance Co. v. Moss, 18 S. W. (2d) 712.

This opinion must not be construed as containing any intimation as to the weight to be given the supplemental order of the trial court, or as to what should be the action of the Court of Civil Appeals upon the motions to dismiss.

Opinion adopted by the Supreme Court January 19, 1938.