## NATIONAL CONSOL. BOND CORPORATION v. BURKS et ux.

### No. 13659.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 28, 1938.

Rehearing Denied March 4, 1938.

Raymond E. Buck and Victor McCrea, both of Fort Worth, for appellant.

Reuben Williams, Nelson Scurlock, and Dawson H. Davis, all of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

The National Consolidated Bond Corporation, one of several defendants in the above-entitled cause when it was tried in the lower court, has appealed from the judgment there rendered, and appellees, plaintiffs in the trial court, have presented their motion to dismiss the appeal.

The judgment recites that the case came on for hearing September 14, 1936, but contains this recitation at its conclusion: "Entered this October 14th, 1936."

On October 8, 1936, appellant filed its original motion for a new trial, in which it was alleged that the judgment was rendered on October 7, 1936. However, the motion was not verified and there is no showing in the record that the judgment was in fact "rendered" on that date.

That original motion for new trial was never presented to or acted upon by the trial court.

On October 29th, which was 15 days after the judgment was entered, appellant filed its amended motion for new trial, and, in the alternative, to correct the judgment in certain particulars. But that motion was filed without leave of court first had and obtained.

The trial court's docket shows this entry: "10/31/36. Defendant's amended motion for new trial presented." But there is no showing of record that the court made any ruling thereon. Nor is there any showing in the record of any agreement of parties for an extension of time within which the amended motion might be determined by the court.

■ In the absence of a showing in the record to the contrary, we conclude that the notation of date of entry of the judgment should be construed as the date of its rendition also. Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624.

■ According to the decisions of our Supreme Court, in Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W. 2d 1031; Millers Mutual Fire Insurance Co.

v. Wilkirson, 124 Tex. 312, 77 S.W.2d 1035; and Independent Life Insurance Co. v. Work, 124 Tex. 281, 77 S.W.2d 1036, the requirements of article 2092, Vernon's Ann. Civ.St., are mandatory, and compliance with its provisions is necessary to vest in the Court of Civil Appeals appellate jurisdiction of the case.

█ In the case first cited, it is .definitely and specifically held that an amended motion for new trial cannot be filed without leave of court therefor. Therefore, the filing of the amended motion for new trial without leave of the court and the presentation thereof on October 31st, but with no determination thereof by the court, and no agreement of the parties for extension of time for its determination, cannot be looked to to determine appellate jurisdiction under any of the provisions of article 2092, Vernon's Ann.Civ.St.

█ According to the decision of the Commission of Appeals in Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624, the original motion for new trial cannot be relied on by appellant to show jurisdiction of this appeal because it was filed on October 8th, which was 5 days prior to the rendition of the judgment, and therefore has no proper place in the record. And, in the absence of an original motion for new trial, filed within 10 days after rendition of the judgment, appellant was required to file its appeal bond within 30 days after its rendition, which period expired on November 13th. Nor was the original motion for new trial presented within 30 days after its filing as required by subdivision 28 of article 2092, or at any other time, and therefore was overruled by operation of law at the end of that 30-day period; even if it could be considered in aid of jurisdiction of this court. Peurifoy v. Wiebusch, supra; Houston Life Ins. Co. v. Dabbs, 125 Tex. 100, 81 S.W.2d 42.

█ Because the appeal bond was not filed until December 23d, which was beyond the period of time fixed by subdivision 31 of article 2092 for perfecting the appeal, appellees' motion to dismiss the appeal, for lack of jurisdiction of the court to determine its merits, is sustained, and the appeal is dismissed, as prayed for.

### On Motion for Rehearing.

█ The supplemental transcript now tendered in aid of appellant's motion for rehearing of the order heretofore made on January 28, 1938, shows two file marks on appellant's original motion for new trial, one of date October 8, 1937, and the other of date October 14, 1937, the date of the judgment from which the appeal is prosecuted.

Even if the filing of the supplemental transcript be permitted, it would not show error in the order of dismissal of the appeal, since the original motion was overruled by operation of law on October 24th, and the amended motion was not filed until October 29th.

Furthermore, appellant fails to show any excuse for not offering to file the supplemental transcript before the motion to dismiss the appeal was acted on, notwithstanding he had notice of the filing of the motion for nearly 2 weeks before it was granted.

█ We are unable to concur in appellant's contention that the notation by the trial judge on his docket that the amended motion for new trial was presented on October 31, 1936, as pointed out in our original conclusions on the motion to dismiss the appeal, should be construed as implying that he had granted leave to file the amended motion. The failure of the court to make any ruling at all on the motion might have been because the motion had been filed without leave of court. Furthermore, the supplemental transcript contains no showing that the court did in fact grant leave to file the amended motion for new trial.

█ Under the rules, it was incumbent upon appellant to see to it that the transcript showed jurisdiction of its appeal. And we have reached the conclusion that it has failed to discharge that burden. We do not believe the recent decision of our Supreme Court, in Sigler v. Realty Bond & Mortgage Company, 112 S.W.2d 180, of date January 19, 1938, not yet published [in State report] is controlling here, because of the difference in the facts involved.

Accordingly, the motion for rehearing of the order dismissing the appeal is overruled.