**DE LEON v. TEXAS EMPLOYERS INS. ASS'N.**

No. 11096.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 4, 1942.

Rehearing Denied March 11, 1942.

G. Woodson Morris, of San Antonio, for appellant.

Eskridge & Groce and Walter Groce, all of San Antonio, for appellee.

NORVELL, Justice.

Appellee moves a dismissal of this appeal · upon the ground that appellant's appeal bond was not filed within the time prescribed by Article 2092, § 31, Vernon's Ann.Civ.Stats.

All proceedings here mentioned took place during the year 1941 and before September 1st of that year. The Texas Rules of Civil Procedure have no application to the case and we are not called upon to construe Rule 5, in connection with Rule 330, which is taken from Article 2092, above mentioned. The judgment of the trial court was rendered on February 13th. Prior thereto, on February 6th, appellant had filed a motion for mistrial. An order bearing date of February 28th, overruling this motion, appears in the transcript.

On March 10th appellant filed his motion for new trial. The order overruling this motion was rendered on April 8th. The appeal bond was filed on May 8th.

■ The motion for mistrial had "no effect whatever as a motion for new trial, for the reason that same was filed before the judgment of the trial court was rendered." National Consolidated Bond Corporation v. Burks, 134 Tex. 236, 132 S.W. 2d 851, 852. As a matter of fact, the motion filed on March 10th did not purport to be an amendment of the motion for mistrial filed more than twenty days prior thereto, on February 6th. Both motions were disposed of by separate orders.

■ The motion for new trial of March 10th was not filed within ten days after the rendition of judgment on February 13th, as required by Art. 2092, § 29, Vernon's Ann.Civ.Stats. In an absence of a showing that the trial court entertained and disposed of the motion within thirty days after the rendition of the judgment, said motion is of no effect. Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036.

■ Thirty days after February 13th, the judgment of the trial court became as final as if the term of court had expired. Article 2092, § 30, Vernon's Ann.Civ.Stats.

Consequently the trial court, on April 8th, was without power to set aside the judgment as prayed for in the motion for new trial, and its action in connection with said motion was of no effect, and did not operate to extend the time allotted for the filing of an appeal bond, as specified in Article 2092, § 31, supra; National Consolidated Bond Corporation v. Burks, supra.

Appellee's motion is granted and the appeal dismissed.

#### On Motion for Rehearing.

Appellant, in a motion for rehearing, for the first time suggests that the judgment appealed from was rendered on the 28th day of February, 1941, rather than on the 13th day of February. Appellant contends that, on the basis of certain affidavits submitted with his motion, we should take jurisdiction of the appeal.

■ In Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041, the Supreme Court said, "The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue."

Since, under the above definition, the date of the rendition of a judgment may be, and often is, a different date from the date upon which the judgment is entered upon the minutes of the court, or a different date from the date upon which the judge signs a form of decree preparatory to entry upon the minutes (if such procedure be employed), it is proper and in accordance with recommended practice to recite in the decree the date of its rendition.

■ The judgment before us contains this recitation, "It is therefore on this 13th day of February, 1941, Ordered, Adjudged and Decreed by the Court" etc. This recitation is tantamount to a declaration that the judgment was rendered on February 13, 1941, and is not subject to attack by affidavits. Gibson v. Singer Sewing Machine Co., 145 S.W. 633, by this Court; State v. Martin, Tex. Civ.App., 107 S.W.2d 1089.

■ Appellant also suggests that proceedings in this Court be further delayed for a period of thirty days so as to afford the trial judge an opportunity to correct the date of rendition recited in the judgment. If the mistake be a clerical error, a matter we do not here decide, it seems that the trial court would have the power to correct such error even though the term of court at which the judgment was rendered had expired or an appeal had been perfected. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Bray v. Clark, Tex.Civ.App., 9 S.W. 2d 203, 25 Tex.Jur. 523, § 130.

However, had the trial court actually "corrected" the recital as to date of rendition, and had the appellant at the time of the filing of motion for rehearing herein made application for a writ of certiorari to bring the corrected judgment before us, we would feel constrained to deny the application. Therefore, we are of the opinion that we should not further delay the disposition of this case in order that appellant might attempt to secure a correction of the judgment in the trial court.

It appears that appellee's motion to dismiss this appeal for want of jurisdiction was based upon the recital in the judgment to the effect that the date of rendition thereof was February 13, 1941. Appellant had notice of this motion and filed a reply thereto. The motion and appeal were regularly submitted on the same date and in due course

the appeal was dismissed. Prior to this time, no suggestion was made to this Court that some date other than February 13, 1941, was the actual date of the rendition of the judgment.

Under old rule No. 22, relating to procedure in the Courts of Civil Appeals, it was held that writ of certiorari would not lie to correct the record unless application therefor were made prior to the date of submission. North Texas Building and Loan Association v. Pyeatt, Tex.Civ.App., 87 S.W.2d 491, 494, error refused.

Certain provisions of Rule No. 22, were eliminated with the adoption of Rule No. 413, R.C.P., and under the new rule it seems that the appellate court may, in certain cases, permit the correction of the record as to omissions or inaccuracies even after submission of the cause.

▉▉ Under Rule No. 413, R.C.P. it is a duty of an appellant, as a party, to see that the transcript of the record is properly prepared, and, in our opinion, the authority to allow corrections of the record after submission should not be exercised so as to permit alterations relating to alleged inaccuracies, defects or omissions of which the party seeking the alteration or correction had notice prior to the submission of the appeal. In this case, as above pointed out, the fact that the record showed the judgment appealed from was rendered on February 13, 1941, was forcibly called to appellant's attention prior to submission of the appeal by a motion to dismiss the appeal predicated upon the recital now sought to be corrected. Our position here is supported by National Consolidated Bond Corporation v. Burks, Tex.Civ. App., 114 S.W. 2d 280; Id., 134 Tex. 236, 132 S.W.2d 851, 853.

Notwithstanding the fact that we are of the opinion that under the authorities this appeal has been properly dismissed and no sufficient reason has been shown which would justify our setting said order aside, we have nevertheless examined appellant's brief and are of the opinion that no reversible error is disclosed therein. Appellant's contention is that the answers of the jury are conflicting. In view of the decision of the Supreme Court in Traders and General Insurance Company v. Ross, 131 Tex. 562, 117 S.W.2d 423, it appears that there is no merit in the appeal.

Appellant's motion for rehearing is overruled.