Flora Mae BERGER et al., Appellants,

v.

J. J. GREVE, Guardian of the Estate of Shirley Ann Berger, Appellee.

No. 6102.

Court of Civil Appeals of Texas.

Beaumont.

May 9, 1957.

Rehearing Denied June 5, 1957.

———◆———

Ernest Sample, Beaumont, for appellants.

McAlister & Benchoff, Nacogdoches, for appellee.

ANDERSON, Justice.

Judgment in the case was rendered and entered August 29, 1956, in the district court of the 145th Judicial District, Nacogdoches County, on a directed verdict. On September 8, 1956, appellants filed written notice of appeal. At 10:45 a. m., on September 28, 1956, they filed an appeal bond which was duly approved. In the afternoon of the same day, September 28, 1956, they filed a motion for new trial. The record does not reflect an order of the trial court granting leave to file the motion, nor does it reflect that the motion was ever either presented to or acted upon by the trial court. On November 14, 1956, no transcript having been filed in this court, appellee moved that the judgment of the trial court be affirmed on certificate, as is provided for by Rule 387, Texas Rules of Civil Procedure. The motion was accompanied by the necessary exhibits. On December 6, 1956, and before appellee's motion to affirm on certificate had been passed upon, appellants

filed in this court a motion for an extension of time within which to prepare and file a transcript and statement of facts. The motion for extension of time was granted December 7, 1956, without prior notice to appellee. On December 11, 1956, appellee made motion that the order of this court granting the extension of time be vacated. On January 16, 1957, which was within the time specified in this court's order of December 7, 1956, appellants filed herein a transcript and statement of facts. On January 30, 1957, appellee, by separate motions, moved that both the transcript and the statement of facts be stricken, on the ground that they had not been filed within the time specified by Rule 386, Texas Rules of Civil Procedure. The mentioned motions, appellee's motion to affirm on certificate, his motion to vacate this court's order of December 7, 1956, granting appellants additional time within which to file the transcript and statement of facts, and his motions to strike the transcript and statement of facts, have all been heard together, in advance of submission of the case on its merits.

Further consideration has led to the conclusion that this court was without authority on December 7, 1956, to grant appellants additional time within which to file the transcript and statement of facts. We are also of the opinion that appellee is entitled to have the judgment of the trial court affirmed on certificate.

■ Since appellants did not comply with subdivision 1, Rule 329–b, T.R.C.P., and file their motion for new trial within ten days after judgment was rendered, and since the motion was not presented to nor entertained nor acted on by the trial court within thirty days after the judgment was rendered, the motion was ineffective for any purpose. Rule 329–b, T.R.C.P.; Starr County v. Guerra, Tex.Civ.App., 282 S.W.2d 304; Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036, 1040; Forrest v. Beynon, Tex.Civ.App., 179 S.W.2d 355; DeLeon v. Texas Employers'

Ins. Ass'n, Tex.Civ.App., 159 S.W.2d 574. The sixty days within which, under Rule 386, supra, the transcript should have been filed in this court commenced to run from the date on which the judgment was rendered, August 29, 1956. Making allowance for the fact that the sixtieth day, October 28, 1956, was a Sunday, the last day for filing the transcript in this court, in the absence of an order extending the time for filing, was October 29, 1956. Appellants had only fifteen days from that date within which to make application for additional time within which to file the transcript and statement of facts. Rule 386, supra. They made no motion within that fifteen-day period, and when they did file and present their motion on December 6, 1956, this court was without authority to grant it. Rule 5, Texas Rules of Civil Procedure.

Appellants contend that their motion for new trial should be treated as having been overruled by operation of law on the day it was filed, September 28, 1956, which was the thirtieth day after the judgment was rendered, and that the seventy-five days within which they were at liberty to make application for an extension of time should be counted from that date. December 7, 1956, the date on which this court entered its order granting additional time within which to file the transcript, fell within the period of time that would be thus arrived at. Appellants rely heavily on Senter v. Shanafelt, Tex.Civ.App., 233 S.W.2d 202, which was decided by the Fort Worth Court of Civil Appeals. In that case, as in this, motion for new trial was filed on the thirtieth day after judgment was rendered. An appeal bond was filed within thirty days from that date but not within thirty days from the date on whch judgment had been rendered. Upon motion in the appellate court to dismiss the appeal because the appeal bond had not been filed in time, the court held that the motion for new trial had been overruled by operation of law on the day it was filed and that the time within which it was necessary to file the appeal bond was properly to be counted from that date. The

only thing to distinguish the case in principle from the case at bar and the cases we have cited in support of our holding herein is this: the motion for new trial was in that instance filed under leave of the court, was set to be heard at a later date, and was, at such later date, acted upon by the court. If this is not a sufficient distinction, and if the case and the others we have cited are in conflict, we feel that the ones on which we are relying are the more authoritative.

In Independent Life Ins. Co. of America v. Work, supra, 77 S.W.2d 1036, 1040, the Supreme Court, speaking through Justice Greenwood, said: "An original motion [for new trial] filed after the 10 days is of no effect whatever, unless entertained and determined within 30 days from the date of judgment." The court was there construing Article 2092, R.S.1925, it is true, but substantially the provisions of the statute, in material aspects, have been brought forward in the Rules of Civil Procedure and are now incorporated in Rule 329–b. The particulars in which the Rule differs from the former statute are not thought to affect the question with which we are dealing.

The law as stated in the foregoing case was given application by the San Antonio Court of Civil Appeals in DeLeon v. Texas Employers' Ins. Ass'n, supra, 159 S.W.2d 574, 575, wherein Article 2092, R.S.1925, was again being construed, and the question was that of whether the time for filing an appeal bond had been extended by the filing of a motion for new trial. It was there said, the court speaking through Justice Norvell: "The motton for new trial of March 10th was not filed within ten days after the rendition of judgment on February 13th, as required by Art. 2092, § 29, Vernon's Ann. Civ.Stats. In an absence of a showing that the trial court entertained and disposed of the motion within thirty days after the rendition of the judgment, said motion is of no effect. Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036." Writ of error was refused for want of merit.

Essentially the same question, arising in the same way, was again before the San Antonio Court in Forrest v. Beynon, Tex. Civ.App., 179 S.W.2d 355, after Article 2092, R.S.1925, had been repealed and the Rules of Civil Procedure had been placed in effect. Again speaking through Justice Norvell, the court said:

"This case is controlled by Rule 330, Texas Rules of Civil Procedure, particularly subdivisions j, k, and l thereof. Rule 330 carries forward the provisions of Article 2092, Vernon's Ann.Civ.Stats., now repealed, without substantial change, insofar as its provisions affect this appeal.

"The trial court's judgment of dismissal became final thirty days after September 7, 1943. The appeal bond was not filed within the time prescribed by the Rules of Civil Procedure, Rule 356. We have no jurisdiction to consider the appeal. DeLeon v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 159 S.W.2d 574."

The case of Starr County v. Guerra, supra, 282 S.W.2d 304, was one in which a plea in abatement, setting up pendency of another suit, had been sustained. The San Antonio Court, this time speaking through Chief Justice Murray, said:

"Appellee's plea of 'Another Action Pending' was based upon the fact that on May 31, 1955, thirteen days after judgment had been rendered in Cause No. 3002, appellant filed a motion for a new trial, and therefore that cause was still pending in the District Court of Starr County. Rule 329–b, Texas Rules of Civil Procedure, subd. 1, provides that a motion for new trial must be filed within ten days after the judgment is rendered. The filing of a motion for new trial on the thirteenth day after the rendition of judgment was a nullity and of no force or effect. Forrest v. Beynon, Tex.Civ.App., 179 S.W. 2d 355; Rule 329–b, supra. There being no motion for a new trial filed within the prescribed time, the judgment became final thirty days after it was rendered. Rule 329–b, T.R.C.P. Cause No. 3002 was not a pending cause when the plea of 'Another Action Pending' was filed on July 7, 1955."

Rule 329–b became effective between the respective times at which Forrest v. Beynon and Starr County v. Guerra were decided, or on January 1, 1955, and it contains two provisions (parts of subdivision 5) which were not included in Rule 330 when Forrest v. Beynon was decided, viz.: "The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision (1) of this rule shall not deprive the district court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. The filing of a motion for a new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the district court's jurisdiction over the judgment for a period of more than thirty days from the date of the rendition of judgment." No note was taken in the Starr County case of this difference between the two rules, and it is perhaps to be inferred that the court was of the opinion that the quoted provisions of Rule 329–b were wholly without application to the matter before the court and required no comment. Be that as it may, we shall briefly state our reasons for concluding that the provisions have worked no change in the law as declared by the Supreme Court in the Work case and by the San Antonio Court in DeLeon v. Texas Employers' Ins. Ass'n and Forrest v. Beynon, all of which have been hereinabove discussed.

■ We think it was not the purpose of the provisions to create any new rights on behalf of either trial courts or litigants, but to render clear and certain the time within which rights that have all along been recognized as existing are to be exercised. Rule 329–b, supra, is applicable to all district courts of the state, whereas repealed Article 2092, R.S.1925, and Rule 330, as it existed prior to January 1, 1955, were applicable only to district courts of particular

classifications. Prior to the effective date of Rule 329–b, January 1, 1955, courts which are now functioning under the rule but which were not subject to Rule 330 as it formerly existed nor to Article 2092 prior to its being repealed were recognized as retaining jurisdiction over their judgments and as having certain inherent powers regarding them until the term of court at which judgment was rendered had ended, regardless of how long that might be. Rule 329–b changed this and made uniform for district courts of all classifications the times at which judgments become final and at which the term of court for a particular case terminates. It was for the purpose of avoiding the confusion that otherwise would have resulted from this change, and at the same time to make clear that the inherent powers of the courts, as those powers had theretofore existed, were not being altered by the rule, that the above-quoted provisions were incorporated in subdivision 5 of Rule 329–b. It was not the purpose of the provisions to accord to litigants the right to file motions for new trial at any time within thirty days after rendition of judgment, in complete disregard of the requirement in subdivision 1 that such motions be filed within ten days.

It had been recognized by the Supreme Court in both Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031, 1033–1034, and Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036, 1040, that under Article 2092, R.S. 1925, which has since been repealed, the district courts still had authority, as an adjunct to the inherent power they had over their judgments until such judgments had become final by operation of law, to entertain motions for new trial that were filed after the expiration of the ten-day period. For example, in Dallas Storage & Warehouse Co. v. Taylor, it was said: "Subdivision 29 requires that the original motion for new trial be filed within 10 days after the judgment is rendered, and it contains nothing suggesting that the court may permit its filing at a later date. However, since jurisdiction over the case continues, in the absence of a motion, for 30 days from the date of the judgment, the court may in its discretion, within such 30-day period, entertain a motion filed after the 10 days but within the 30 days, and, if it does so and overrules it, the judgment does not become final until the expiration of 30 days from the time the motion was overruled." [124 Tex. 315, 77 S.W.2d 1033.] And in the Work case it was said: "We can uphold the cardinal purpose of these subdivisions of the statute as a whole, and give effect to the legislative intent to expedite litigation in our large cities, where court dockets are most congested, by saying that both original subdivision 29 and amended subdivision 28 are mandatory, with this one exception, that, while an original motion for new trial filed under subdivision 29 is required to be filed within 10 days, it may under the discretion of the court be afterwards filed within 30 days. We make this provision directory to that extent only because similar language for filing original motions for new trial has always been treated as directory by the courts of Texas. Whether an original motion, tendered after 10 days, is considered, rests entirely within the discretion of the court. The filing of an original motion for new trial after the 10 days cannot serve as the basis for a 20-day period for amendment. An original motion filed after the 10 days is of no effect whatever, unless entertained and determined within 30 days from the date of the judgment." [124 Tex. 281, 77 S.W.2d 1039.] It was these established principles that Rule 329–b, subdivision 5, brought forward or expressly recognized; and this express mention of them was made for the reasons hereinabove stated.

For the reasons indicated, appellants' motion to vacate the order of this court which purported to grant appellants additional time within which to file transcript and statement of facts, the order of December 7, 1956, and their motions to strike the transcript and statement of facts, as well as their motion to affirm on certificate,

are all granted. This court's order of December 7, 1956, which purported to grant appellants additional time for filing transcript and statement of facts, is vacated and set aside; the transcript and statement of facts that appellants filed herein on January 16, 1957, as well as all supplemental transcripts and statements of fact filed herein by them since that date, are hereby ordered stricken from the record; and the judgment of the trial court is in all things affirmed, on certificate, as provided for by Rule 387, Texas Rules of Civil Procedure.