**R. C. SPROUSE, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE AS-SOCIATION, Appellee.**

**No. 7171.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 15, 1970.

Monte D. Lawlis, Jasper, for appellant.

Fuller, Fuller & McPherson, Port Arthur, for appellee.

PARKER, Chief Justice.

Judgment was entered on motion for summary judgment of Texas Employers' Insurance Association that R. C. Sprouse take nothing of and from Texas Employers' Insurance Association upon a Workmen's Compensation Claim. The plaintiff, Sprouse, has appealed. He will be called plaintiff or appellant; the insurance company will be called defendant or appellee.

In considering plaintiff's appeal, we bear in mind the admonitions of our Supreme Court with reference to summary judgments as laid down by Justice Greenhill in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41, 47 (Tex.Sup., 1965) and the rule governing good cause in compensation cases set out in Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, 372 (1948), followed in Moronko v. Consolidated Mutual Insurance Company, 435 S.W.2d 846, 847 (Tex.Sup., 1968), and a host of other cases.

However, as was said by Justice Hamilton in Texas Employers' Insurance Association

v. Brantley, 402 S.W.2d 140, 141 (Tex.Sup., 1966):

> "Although the question of whether the claimant used the degree of diligence required is ordinarily one of fact, the evidence in a particular case may point to a lack of diligence on the part of the claimant as the only reasonable conclusion and this then becomes a question to be decided as a matter of law. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup., 1965); Hawkins v. Safety Casualty Co., supra."

■ This court is firmly committed to a proposition that a party moving for summary judgment must demonstrate, conclusively, that as a matter of law he is entitled to judgment. In Gloor v. United States Fire Insurance Company, 457 S.W.2d 925 (Tex.Civ.App.—Beaumont, 1970) [Our No. 7158, opinion delivered July 10, 1970, with application for writ of error pending], we reviewed the authorities on the point, including the leading case of Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85, 87 (1954).

When defendant moved for the summary judgment in this instance it labored under the burden of establishing as a matter of law that plaintiff, Sprouse, did not have good cause for not filing his claim for compensation sooner than it was in fact filed. Stated differently, defendant was not entitled to a summary judgment simply because plaintiff, Sprouse, failed to offer the evidence which would have been required of him to have prevailed in a trial upon the merits.

In doing so, however, we must first dispose of several procedural questions presented by the record. Plaintiff contends that the trial court erred in permitting defendant, upon motion and notice, to amend its answers to request for admissions filed by plaintiff.

On May 16, 1969, the defendant filed its verified first amended original answer. In Paragraph III. it stated:

> "Defendant specially denies that the Plaintiff filed his Notice of Injury with the Industrial Accident Board for the State of Texas within six (6) months from the date of such alleged injury and alleges that, on the contrary, such Notice of Injury and Claim for Compensation was not filed until approximately nineteen (19) months from the date of such alleged injury."

On March 26, 1969, pursuant to Rule 169, plaintiff requested admissions of fact from the defendant as follows:

> "III. (c) That if the plaintiff's employer did not have actual notice of said accidental injury then that said employer was notified within thirty (30) days of the date above-stated that plaintiff had sustained or was claiming to have sustained an accidental injury while in the course of his employment with said employer, or that good cause existed for plaintiff's failure to give such notice.

> "(d) That notice of injury and claim for compensation were made by R. C. Sprouse to the Industrial Accident Board, the employer, and the insurance carrier, the defendant, in due and legal time, as required by law.

> "(e) That if such claim for compensation was not filed within six months of the above-stated date, good cause for failing to so file existed."

On April 3, 1969, defendant answered, admitting the truth of each, except the answer as to (e) was, "No answer is required * * *." Motion for leave to file amended answers to request for admissions was granted on May 22, 1969. Defendant's amended answer to request for admissions was filed on May 23, 1969, in which requests Nos. III. (c), (d), and (e) were each denied.

The facts so inquired about were well known to the plaintiff and defendant.

Plaintiff contends, in essence, by his Points 2, 3, 4, 5, and 6 that the only authority a trial court has under Rule 169 is

to extend the time within which the answers may be filed, and permitting a party to amend answers which have been filed would "suspend" the operation of the Rules. We disagree.

■ The Rules of Civil Procedure were designed to bring about a fair disposition of litigation with a minimum of delay. They were never designed as traps for the unwary nor should they be construed to deny to a litigant the right to present the truth to the trier of the facts. The decision of Frozen Foods Express v. Odom, 229 S.W.2d 92, 95 (Tex.Civ.App.—Eastland, 1950, error ref. n. r. e.), supports our conclusion that the right to amend such answers upon proper motion rests within the sound discretion of the trial court.

" 'The foremost object of this procedure is to obtain *conscious* admissions of uncontroverted matter,' and to shorten and simplify the trial." [2 McDonald, Texas Civil Practice (1970 Revision), § 10.06, p. 547 and cases therein cited.]

■ The question propounded—existence of good cause in a workmen's compensation case—was peculiarly within the knowledge of plaintiff, not the defendant; and further, called for an opinion on the part of the defendant as to a mixed question of law and fact. Cf. White v. Watkins, 385 S.W.2d 267, 269 (Tex.Civ.App.—Waco, 1964, no writ). Plaintiff's proposed construction would lead to an uncompromising rigidity in procedure calculated to thwart and impede the administration of justice. Rule 169 lodges in the trial court some discretion as to its enforcement. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950). A "judicial admission" is a conclusive admission as long as it remains in the case. Thornell v. Equitable Life Assurance Society of United States, 385 S.W. 2d 716 (Tex.Civ.App.—Texarkana, 1964, no writ). The summary judgment was rendered when such judicial admissions were not in the case. The granting of defendant's motion was at the discretion of the trial court and no abuse thereof is shown.

Points 2, 3, 4, 5, and 6 are overruled; and, in so doing, Point 7 loses all claim to merit.

The appellant in his first point of error contends the trial court erred in granting defendant's motion for summary judgment because there exists a genuine issue of fact as to plaintiff's good cause for the delay in filing his claim for workmen's compensation benefits. It is undisputed that the accident made the basis of this suit was sustained by the plaintiff on or about March 15, 1967; that the only notice of injury and claim for compensation which plaintiff filed with the Industrial Accident Board of the State of Texas was received and filed by the said Board on October 23, 1968.

In plaintiff's original petition in Paragraph VI. (c) plaintiff alleged:

"(c) In the alternative your plaintiff has good cause for not filing his claim for compensation sooner than it was in fact filed."

In defendant's motion for summary judgment the deposition of Sprouse is quoted and relied upon to support its contention that Sprouse did not have good cause for the delay in filing his claim for workmen's compensation benefits. Defendant's counsel swore to the facts stated in its motion for summary judgment including statements of the plaintiff in his answers to interrogatories but such counsel did not comply with Rule 166–A (e) requiring affidavits to be made on personal knowledge and that affiant was competent to testify to the facts stated. Thus, defendant only has the deposition of Sprouse to support the trial court judgment.

Plaintiff's only effort to controvert defendant's motion for summary judgment, verified by his counsel, adopted and incorporated plaintiff's request for admissions of fact and genuiness of documents and defendant's answers dated November 14, 1969, plaintiff's deposition, plaintiff's original petition and his *own* answers to defendant's interrogatories and requests. He contended that genuine issues existed

as to material facts as to plaintiff's good cause in his delay in filing this claim for workmen's compensation benefits for which reasons defendant was not entitled to a judgment as a matter of law.

■ Plaintiff's attorney in the sworn answer to defendant's motion for summary judgment did not comply with Rule 166–A (e) requiring affidavits to be made on personal knowledge and that he was competent to testify to the facts stated. It will not be considered, Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, 399 (1958); Seale v. Muse, 352 S.W.2d 534 (Tex.Civ.App.—Dallas, 1961, error ref. n. r. e.).

■ Further, we note the lack of compliance by plaintiff with the provisions of Rule 166–A, Subsection (e) in the following particulars: (1) counsel was not shown "affirmatively" to be competent to testify as to the truth of the matters therein contained; (2) no "sworn or certified copies of all papers or parts thereof referred to in the affidavit" were attached thereto; (3) the pleadings would not defeat the motion for summary judgment [State v. Rope, 419 S.W.2d 890, 900 (Tex.Civ.App.—Austin, 1967, error ref., n. r. e.)]; and, (4) plaintiff's self-serving answers to the interrogatories and requests could be used only *against* him and the answers were not binding upon his adversary [Black v. Frank Paxton Lumber Co., 405 S.W.2d 412, 414 (Tex.Civ.App.—Dallas, 1966, error ref., n. r. e.) construing Rule 168].

■ The only summary judgment evidence which the trial court was authorized to consider, and which we may look to, is that found in the deposition of plaintiff. Thus, we now turn to a consideration of the deposition to determine whether or not, under the Rules recognized earlier in this opinion, defendant has discharged its burden of showing, as a matter of law, that plaintiff did not have good cause in failing

to file his claim within the time prescribed by law.

> "In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. * * * Evidence which favors the movant's position is not considered unless it is uncontradicted." [Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 at p. 47.]

Following these guides, Sprouse testified: The insurance man and his foreman told him that everything was taken care of, from which Sprouse believed it was the insurance company's place to send the claim to Austin, Texas, to the Industrial Accident Board. He talked to the insurance company man one time. He did not find out the insurance company was not providing treatment for him or paying for it, until shortly before he went to see his lawyer in 1968. Sprouse testified the insurance company entered the case about the middle of April, 1967, and after his employer told him everything would be taken care of.

The failure of Sprouse in the hearing upon the motion for summary judgment to discharge the burden which would rest on him at a trial on the merits is no ground for a summary judgment in favor of the insurance company, Tigner v. First National Bank of Angleton, supra. The favorable evidence for Sprouse supports plaintiff's first point of error, which is sustained. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 562 (1962); Texas Cas. Ins. Co. v. Beasley, 391 S.W.2d 33 (Tex.Sup., 1965); Texas Employers' Insurance Association v. Hudgins, 294 S.W. 2d 446 (Tex.Civ.App.—Waco, 1956, error ref. n. r. e.); Hawkins v. Safety Casualty Co., supra.

Judgment of the trial court reversed and this cause remanded.