Michael C. SYMPSON, Appellant,

v.

MOR–WIN PRODUCTS, INC., Appellee.

No. 17432.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 21, 1973.

Rehearing Denied Oct. 26, 1973.

---

Walker, Bishop & Larimore, and John R. Lively, Fort Worth, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, and Atwood McDonald, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

As originally filed the cause was styled Michael C. Sympson, plaintiff, versus Myrl D. Jones, et al., defendants. One of the defendants was Mor-Win Products, Incorporated. In the trial court the suit of plaintiff against Mor-Win Products, Inc. was severed, and in such severed case a summary judgment was granted to Mor-Win Products, Inc. Therefrom plaintiff appealed.

Affirmed.

A trial court is bound to consider *only* such record as made at the time it renders a summary judgment. We consider only that record upon the appeal. Ziebarth v. Lee and Beulah Moor Children's Home, 431 S.W.2d 798 (El Paso Civ.App., 1968, no writ hist.); Womack v. I. & H. Development Company, 433 S.W.2d 937 (Amarillo Civ.App., 1968, no writ hist.).

We quote pertinent language from the summary judgment: "The Court having heard and considered the pleadings of the parties on file herein, . . . and the oral depositions of Michael Burch, and of the Defendant Myrl D. Jones, and of Connie Sympson, . . . all of which are on file herein, . . . and it appearing to the Court therefrom that the said motion of Mor-Win Products, Inc. for summary judgment should be granted . . . ." The judgment proceeded to decree that plaintiff take nothing by his suit against Mor-Win Products.

The case of Alexander v. Bank of American National Trust and Savings Association, 401 S.W.2d 688 (Waco Civ.App., 1966, error refused), was one wherein a summary judgment was granted the plaintiff and the defendant appealed. Therein it was written, "The judgment recites the court considered, among other matters, the deposition of defendant. The deposition, one portion of the record to be considered in determining whether summary judgment is proper under the Rule, is not in the record. It is impossible for us to decide from that incomplete record that the judgment was erroneous. Torrey v. Cameron, 74 Tex. 187, 11 S.W. 1088. It is presumed the omitted deposition established its (the summary judgment) propriety. (Citing cases.)" Under the statement judgment was affirmed.

█ Though in *Alexander* the judgment was one in favor of the plaintiff, while here the judgment was for the defendant, there would be proper application to this case the rule therein stated, since no deposition was made part of the record on appeal. Thus, the requirement is that we affirm the judgment of the trial court.

Should we be in error in our holding by the foregoing paragraph, there is additional reason for affirmance.

The recitation of the judgment includes reference to interrogatories of Mor-Win Products addressed to plaintiff under Texas Rules of Civil Procedure 168, and also includes reference to requests for admission of fact filed by Mor-Win Products addressed to plaintiff, and purported answers thereto under T.R.C.P. 169.

On the interrogatories see T.R.C.P. 168, "Interrogatories to Parties". Therein is provided that "the answers, subject to any objections as to admissibility, may be used only against the party answering the interrogatories."

█ On the requests for admissions of fact see T.R.C.P. 169, "Admission of Facts and of Genuineness of Documents". By decision self-serving answers to the adversary's requests for admissions can be used only against him. Sprouse v. Texas Employers' Insurance Association, 459 S.W.2d 216, 220 (Beaumont Civ.App., 1970, writ ref. n. r. e.). Under the Commentaries under Rule 169 in Vernon's Texas Rules Annotated is to be found the following statement relative to Admissions and Denials as Evidence, viz: " ' . . . In view of this and of the evident danger that would arise in the present proceeding if a party's self-serving responses could be used by him as evidence, we believe that the rule under investigation would have been differently worded if such a result had been intended.' "

There were no affidavits of either party before the court at the time it acted on Mor-Win Products' Motion for Summary Judgment. Therefore, the trial court's basis for granting the summary judgment was, in part at least, reflected in deposition evidence. There might have been predicate for the judgment in the interrogatories and in the request for admissions and answers thereto, but we need not test these. The plaintiff may claim no benefit even though something therein might appear to raise a fact issue. That is because any use thereof could only be against him, not for him, as noticed in our discussion.

When all the foregoing is considered it is inescapable that the record before us is

incomplete and that the fragment presented fails to demonstrate that there was any error by the trial court in concluding that Mor-Win Products, the moving party, had discharged its burden to demonstrate that plaintiff was without ability to make out a *prima facie* case of its liability.

Judgment is affirmed.

## ON MOTION FOR REHEARING

Since date of our opinion and judgment on September 21, 1973 the attorney for plaintiff/appellant obtained an order from the trial court directing that the originals of the depositions referred to in our opinion be included in a Supplemental Transcript and forwarded.

Even before the Motion for Rehearing was filed the plaintiff/appellant delivered the same to the clerk of this appellate court along with a motion for leave to file the same as a part of the record.

Under old Rule 22, source of T.R.C.P. 413, "Preparation of Cause for Submission," this court held that after submission and judgment rendered by an appellate court a motion to perfect the record by permitting additional material in supplement could not be granted; that the court was without authority to grant the motion. North Texas Building & Loan Ass'n v. Pyeatt, 87 S.W.2d 491, 494 (Fort Worth Civ.App., 1935, error refused).

In De Leon v. Texas Employers Ins. Ass'n, 159 S.W.2d 574 (San Antonio Civ. App., 1942, writ ref., w. o. m.) Justice Norvell had occasion to consider Rule 22, the effect thereon by the altered language of the present rule (T.R.C.P. 413), and other pertinent rules.

As we understand the opinion in *De Leon* its holding is that despite the liberalization accomplished by the Rules of Civil Procedure, and despite the deletion of some of the language of old Rule 22 in T. R.C.P. 413, there should not be an exercise of the discretion lodged in the appellate court to permit perfection of the record on appeal after it has written its opinion and rendered its judgment in an instance where the complaining party clearly had notice of the particular deficiency prior to such time.

In the instant case the very first counter-point in the brief of appellee was clearly based on the want in the appellate record of the depositions in question and appellee's position was that since the judgment of the trial court recited that the depositions were considered in arriving at judgment this court was bound to presume that if they had been made a part of the record the judgment could only have found support thereby. Therefore the plaintiff/appellant was "on notice" of the fact that the record on appeal was imperfect and he had been so aware for the six month period between the time of the filing of the brief of appellee and the time the case was submitted in this court.

Under these circumstances, no sufficient reason having been shown which could justify our setting aside the judgment we have already rendered in the cause, it would appear that we would abuse our discretion by so doing (in other words the law compels our refusal so to do).

Reference is made to sections in Vols. 3 and 4, Tex.Jur.2d, "Appeal and Error— Civil", Sec. 393, "(Scope of Review Limited by What is Shown)—In general", and Sec. 597, "When amendment may be made; Defects occurring at or after submission."

The Motion for Leave to File Depositions as part of the record on appeal is denied and the Motion for Rehearing is overruled.