**Olene V. ARNOLD, Appellant,**

v.

**INA OF TEXAS, Appellee.**

**No. 05–85–01143–CV.**

Court of Appeals of Texas, Dallas.

Aug. 4, 1986.

Jack Gulledge, Dallas, for appellant.

Rachelle Hoffman Glazer, Thompson & Knight, Dallas, for appellee.

Before STEPHENS, DEVANY and McCRAW, JJ.

DEVANY, Justice.

This Court's opinion of June 18, 1986 is withdrawn and the following opinion substituted therefor.

Olene Arnold appeals from an adverse summary judgment granted in favor of INA of Texas in her suit to recover benefits under the Workers' Compensation Act. Arnold asserts that the trial court erred in granting summary judgment because a genuine issue of material fact existed. We disagree and affirm.

Arnold was an employee at a Decker meat packing plant in Garland, Texas in July 1982 when she began to experience shoulder pains. Arnold sought medical treatment for this condition and was treated by a Dr. Snoots and released in March 1983. Arnold sought workers compensation for this injury and eventually entered into a compromise settlement agreement with the Travelers Insurance Companies for $8,000.

In July 1983, Arnold started to again have problems with her shoulder. After being treated by Dr. Snoots, Arnold filed another claim for compensation, this time against INA. INA denied coverage claiming that the sole cause of her present condition was the July 1982 injury in which she had already received compensation.

The industrial accident board upheld Arnold's claim. INA then filed suit to set aside the decision of the board. INA filed a motion for summary judgment based upon Dr. Snoots' deposition testimony that the sole cause of Arnolds' present condition was the first injury. The trial court granted INA's motion for summary judgment. In the judgment, the trial court stated

" ... the court, having considered the pleadings, the depositions and the briefs submitted by the parties ... is of the opinion, that there is no genuine issue of material fact and Defendant, INA of Texas, should be granted its motion for summary judgment as a matter of law."

The depositions relied on by both parties to support their positions are not in the record. It is the burden of the appellant to show that the judgment of the trial court is erroneous. *Englander Co., Inc. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968). From the incomplete record before us we cannot say that the judgment is erroneous, and we must presume that the omitted depositions establish the correctness of the judgment. *Hassell v. New England Mutual Life Insurance Co.*, 506 S.W.2d 727 (Tex.Civ.App. —Waco 1974, writ ref'd); *Sympson v. Mor-Win Products Inc.*, 501 S.W.2d 362 (Tex. Civ.App.—Fort Worth 1973, no writ).

The motion for rehearing is overruled and the judgment is affirmed.