NO. 07-04-0335-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 8, 2005



______________________________




CHAKA L. PRATT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-430302; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Chaka L. Pratt appeals a judgment revoking her community supervision
probation and sentence for burglary of a habitation. We agree with appointed counsel's
conclusion that the record fails to show any meritorious issue which would support the
appeal, and affirm the trial court's judgment. 

 Subject to a plea bargain agreement, appellant pled guilty to the offense of burglary
of a habitation on February 9, 2000. The trial court accepted this plea and, in accordance
with the plea agreement, sentenced appellant to seven years incarceration probated for
seven years. The State subsequently filed a motion to revoke appellant's community
supervision alleging that appellant had violated ten of the terms and conditions of her
probation. At the revocation hearing, appellant pled not true to the allegation that she
violated her probation by committing the criminal offense of escape, but pled true to the
nine remaining violations. At the conclusion of the hearing, the trial court found appellant
had violated conditions of her community supervision and entered a judgment revoking her
probation. The court ordered appellant serve the seven year sentence imposed upon her
conviction. Appellant timely filed notice of appeal and the trial court appointed appellate
counsel.

 Counsel for appellant has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in
which she certifies that she has searched the record and, in her professional opinion, under
the controlling authorities and facts of this case, there is no reversible error or legitimate
grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus
concludes that the appeal is frivolous. Counsel has discussed why, under the controlling
authorities, there are no arguably reversible errors in the trial court proceeding or judgment.
See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has appropriately advised appellant of her right
to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645
(Tex.App.-Waco 1994, pet. ref'd). By letter, this court also notified appellant of her
opportunity to submit a response to the Anders brief and motion to withdraw filed by her
counsel. Appellant has not filed a response. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on a motion to withdraw until we have independently examined the record. Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court determines
the appeal has merit, we will remand it to the trial court for appointment of new counsel. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

 In her brief, counsel identifies legal sufficiency of the evidence to support the trial
court's determination that appellant violated the terms and conditions of her community
supervision as the sole potential issue on appeal. She then details the evidence presented
by the State, concluding it was sufficient. Appellate review of a revocation order is limited
to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App.
1983). The trial court abuses its discretion in revoking community supervision if the State
fails to meet its burden of proof. Cardona, 665 S.W.2d at 493-94. In a revocation
proceeding, the burden on the State is to prove, by a preponderance of the evidence, that
appellant violated a condition of community supervision as alleged in the motion to revoke. 
Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). When the State's motion
alleges more than one violation, proof of any one violation will support revocation. Moses
v. State, 590 S.W.2d 469, 470 (Tex.Crim.App.1979). A defendant's plea of true to an
alleged violation, standing alone, is sufficient to support the revocation. Id. Appellant pled
that nine of the ten violations alleged in the State's motion to revoke were true. 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We have also made an independent
examination of the entire record to determine whether there are any arguable grounds
which might support the appeal. We agree with counsel that there are no meritorious
grounds for review.

 Accordingly, counsel's motion to withdraw is granted and we affirm the judgment of
the trial court.


 James T. Campbell

 Justice






Do not publish.



e campus. Appellant’s core
defense was centered around the presentation of evidence tending to establish that he was
insane at the time of the stabbing. In furtherance of that defensive theory, he produced
three psychiatrists and two psychologists. 
          Immediately prior to the submission of the case to the jury for deliberation during the
guilt-innocence phase of the trial, in concluding the State’s closing argument, the
prosecutor argued the following:
STATE:Not in his right mind. Yeah, we use that term, meaning it’s out
of the ordinary, meaning it’s not what the average person
would have done, not what you and I would have done.

 
You and I wouldn’t have stuck yourself in the throat with a
knife. That’s not right mind, but that’s not insanity. John
Wayne Gacy, the clown murderer, was killing those boys and
putting them under the floor of his house.

 
DEFENSE:Your honor, I will object. That’s improper argument, to bring
something that is not in evidence.

 
COURT:Overruled.

 
STATE:Wasn’t in his right mind. Sane. Jeffrey Dahmer, killing those
boys and eating them.

 
DEFENSE:Your Honor, may I have a —

 
COURT:One minute.

 
DEFENSE:— running objection to this line of argument?

 
COURT:Yes, sir.

 
STATE:Out of his mind to eat somebody. Sane. Muhammed Atta
flying a plane into the North Tower killing hundreds of innocent
men, women, and children. Not something somebody ordinary
would do, but those doctors would pat him on the back and
say, “Poor little Muhammed Atta.” Thank you.





          Thereafter, the jury found Appellant guilty of aggravated assault with a deadly
weapon causing serious bodily injury, and this appeal followed.



Discussion
          Appellant contends the State’s closing argument was improper because the State
argued facts not in evidence and compared Appellant’s state of mind to that of three
notorious killers–John Wayne Gacy, Jeffrey Dahmer, and Mohammed Atta. As such,
Appellant asserts the State’s argument interjected prejudicial facts not in evidence to
repeatedly attack his insanity defense and improperly influence the jury. 
          The State asserts that its arguments were a permissible response to Appellant’s 
statements that Appellant was not in his “right mind” at the time of the incident and should
be found not guilty by reason of insanity. The State contends its arguments also
responded to Appellant’s statements that one of his experts looked like Ernest Hemingway,
sounded like God, and was telling the truth. 
          I.        Standard of Review
          There are four general areas of proper jury argument: (1) pleas for law enforcement,
(2) summations of the evidence, (3) reasonable deductions from the evidence, and (4)
responses to arguments from opposing counsel. Jackson v. State, 17 S.W.3d 664, 673
(Tex.Crim.App. 2000). An improper argument constitutes reversible error when, in light of
the record as a whole, it is extreme or manifestly improper, violates a mandatory statute,
or injects new facts harmful to the accused into the trial proceedings. Borjan v. State, 787
S.W.2d 53, 57 (Tex.Crim.App. 1990). See Barnes v. State, 70 S.W.3d 294 (Tex.App.–Fort
Worth 2002, pet. ref’d). Moreover, arguments referencing matters that are not in evidence
and may not be inferred from the evidence are usually “designed to arouse the passion
and prejudices of the jury and as such are highly inappropriate.” Borjan, 787 S.W.2d at 57. 
That said, an instruction to the jury to disregard an improper jury argument is generally
sufficient to cure error. Shannon v. State, 942 S.W.2d 591, 597 (Tex.Crim.App. 1996). 
See LeClear v. State, No. 07-06-0185-CR, 2007 WL 3004589, at *6 (Tex.App.–Amarillo
2007, no pet.) (not designated for publication). 
          II.       Jury Argument
          Remarkably, this Court considered the propriety of the State’s jury argument, under
similar circumstances, a little over ten years ago, and found reversible error. See Brown
v. State, 978 S.W.2d 708, 713-14 (Tex.App.–Amarillo 1998, pet. ref’d). In Brown, the
prosecutor compared the accused to notorious murderers during closing argument for the
proposition that, although the accused claimed to be mentally ill or legally insane, so did
Jeffrey Dahmer, John Wayne Gacy, and Ted Bundy–all of whom either went to prison or
received the death penalty. Id. In finding reversible error, the Brown Court stated the
following:
Comparing an accused or his acts to those of a notorious criminal is,
according to the Texas Court of Criminal Appeals, an improper and
erroneous interjection of facts not in the record. [citations omitted]. Here, the
State’s comments are tantamount to comparing appellant and his defense
to Jeffrey Dahmer, John Wayne Gacy, and Ted Bundy and the defenses
they raised. Each of the three individuals to which he was compared was or
is a notorious serial murderer whose despicable acts remain fresh in the
collective mind of the public. And, in arguing as it did, the State not only
invoked the memory of the horrific crimes they committed but also effectively
asked the jurors to punish appellant like they were punished, that is, by the
assessment of imprisonment. This violated Shell [v. State, 711 S.W.2d 746,
748 (Tex.App.–Corpus Christi 1986, no pet.)].
 
978 S.W.2d at 714 (emphasis added).
 
          The Brown Court reversed the accused’s conviction finding harmful error because:
(1) the error arose immediately prior to the jury retiring for deliberations; (2) over the
appellant’s objection, the trial court permitted the State to continue its argument possibly
lending its imprimatur to a sanity finding; and (3) the State did not stop once it had made
its point by reference to Dahmer but continued to invoke the names of two other heinous
murderers. “Each additional comparison added to the incendiary and emotional effect the
criminal acts of Dahmer, Gacy, and Bundy had on a reasonable juror’s psyche.” 978
S.W.2d at 715.



          Here, again, the State’s argument is tantamount to comparing Appellant and his
defense to John Wayne Gacy, Jeffrey Dahmer, and Mohammed Atta and the defenses
they raised. Because the State’s argument relied on facts not in evidence and was highly
improper, we find the trial court erred when it overruled Appellant’s objection and permitted
the State to continue its improper comparisons. 
          Although we have reviewed the entire record and found ample evidence to support
the jury’s verdict of guilt, however, as in Brown, we find the trial court’s error harmful
because: (1) the error arose immediately before the jury began deliberations, (2) the trial
court permitted the State to continue its line of argument over Appellant’s objection
possibly lending its imprimatur to a sanity finding, (3) no curative instruction was issued,
(4) the State did not stop with a single reference to Gacy but continued with references to
Dahmer, and Atta, and (5) the State sought to use Atta’s notoriety in order to discredit, not
only Appellant’s core defense, but also his experts’ testimony.
          In response to the State’s assertions, it suffices to say simply that jury argument
unsupported by the record designed to arouse the jurors’ passion and prejudices is “no
response” to an opponent’s arguments.


 Quite the contrary, the State’s closing argument
was “an improper and erroneous interjection of facts not in the record.” Brown, 978 S.W.2d
at 714.
           Although an accused is not entitled to a perfect trial, he or she is entitled to a trial
that is at least “tolerably fair.” Id. at 716.


 “In assessing the potentialities at bar, we are
unable to say that the cumulative effect of each instance of misconduct was nil or only
slight.” Id. Because we cannot say with confidence that the error stemming for the
improper argument had no influence, or only a slight influence on the jury’s decision to
reject Appellant’s insanity defense, we hold that the prosecutor’s argument was both
improper and harmful. The prosecutor made the arguments and “must have believed that
the jury would place at least some weight on its improper argument; otherwise, the State
would not have included the references in its soliloquy to the jury.” Massey, 1999 WL
792454, at *6. Accordingly, we find the trial court erred in overruling Appellant’s objection
to the State’s improper jury arguments and the error was harmful. See Tex. R. App. P.
44.2(b). See also Gonzalez, 115 S.W.3d at 283-86; Brown, 978 S.W.2d at 714-16;
Massey, 1999 WL 792454, at *4-6. Appellant’s third issue is sustained and his remaining
issues are pretermitted. Tex. R. App. P. 47.1.
Conclusion
          The trial court’s judgment is reversed and the cause is remanded for further
proceedings consistent with this opinion. 


                                                                           Patrick A. Pirtle 

                                                                                  Justice



Do not publish.